150 So.2d 908 (1963)
Sarah J. WHITE
v.
INSURANCE COMPANY OF NORTH AMERICA et al.
No. 916.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 1963.
Rehearing Denied April 1, 1963.
Certiorari Refused May 14, 1963.
*909 Baldwin, Haspel, Molony, Rainold & Meyer, Richard J. McGinity, Jr., and Ben Daly Bridgeman, New Orleans, for plaintiff-appellant.
H. Martin Hunley, Jr., Shirley C. Friend, Jr., Lemle & Kelleher, New Orleans, for defendant-appellants.
Before McBRIDE, CHASEZ and HALL, JJ.
CHASEZ, Judge.
Defendants have appealed from a judgment of the District Court awarding workmen's compensation for total and permanent disability to plaintiff at the rate of $29.25 per week for 400 weeks, subject to credit for compensation paid, for an injury to her back sustained on August 14, 1960.
There is no dispute that plaintiff, an obese, sixty-one year old woman, was injured when she slipped and fell on the floor of her employer's kitchen where she was employed as a cook. Defendants paid plaintiff $965.25 in compensation through March 1961, at which time their doctor's report indicated that plaintiff's injury (fracture of the tip or last segment of the sacrum) had completely healed and compensation was discontinued.
After trial on the merits, the trial judge dictated a statement into the record that he believed the orthopedic experts that the bone was completely healed but awarded compensation for total and permanent disability on the ground that before the accident plaintiff was able to work but that since the accident, she has been unable to do so.
The issue for our determination is whether plaintiff's present disability is the result of injuries sustained in the accident or stems from other causes.
To establish her claim, plaintiff produced the expert testimony of Dr. Arthur Z. Blamphin, general practitioner, and Dr. Irvin Cahen, orthopedist. Plaintiff also produced a deposition of Dr. Rudolph S. Bila, gynecologist and general practitioner.
Dr. Bila's testimony was to the effect that he had examined plaintiff in July 1960 and that her health at that time was "fair." He testified that although the X-rays taken after the accident showed degenerative arthritis of the back, she had never complained to him of any pain there, her chief complaints being gas pains under the ribs, shortness of breath and diabetes.
*910 After the accident on August 14, 1960, Dr. Blamphin, Dr. Bila's partner, became one of the plaintiff's treating physicians. He classified her health prior to the accident as "fairly poor" because of diabetes, a cardiac condition, obesity and hypertrophic osteoarthritis. It was Dr. Blamphin's opinion from an examination of plaintiff three days before the trial that she was still disabled from the effects of the fractured sacral segment. In reaching his conclusion, he depended completely on her complaints of pain when he gave her a rectal examination and palpated the cocyx with his thumbs and her telling him she was unable to pick up a bottle from the floor. Dr. Blamphin admitted that the X-rays taken by Dr. Faust and Dr. Grunsten showed that the fracture had healed. He also admitted that he considers orthopedists better qualified than himself to diagnose and treat a bone injury and that he respected the opinions of Dr. Cahen and Dr. Grunsten.
All the other medical experts testified that the fracture had entirely healed at the time defendants discontinued compensation and that any pain she may presently suffer in her back is the result of osteoarthritis involvement of the lumbo sacral spine region. Dr. Irvin Cahen, a specialist in orthopedic surgery, testified on behalf of plaintiff. It was his opinion that the fracture had completely healed and that plaintiff's pain is due solely to the arthritis which pre-existed the accident and was not aggravated thereby. He stated that it was difficult to correlate the X-rays with the statement by plaintiff that she had not suffered with her back prior to the accident. The testimony of Dr. R. C. Grunsten, orthopedist, who also treated plaintiff and that of Dr. Richard Faust, surgeon, is in complete agreement with Dr. Cahen's.
The consensus of the lay testimony was that plaintiff had been able to work before the accident but had not been able to perform her duties after the accident.
In considering and weighing the medical testimony, there are certain well-established rules to guide us. The first is that the claimant carries the burden of proof and must establish his case by a reasonable preponderance of the evidence. Card v. Southern Builders, Inc., La.App., 117 So.2d 675.
In weighing medical opinions, our courts have held that the testimony of an attending physician should ordinarily be accorded more weight than that of physicians who have made an examination for purposes of diagnosis only. Richmond v. New Amsterdam Casualty Company, La.App., 85 So.2d 717.
When the injury falls within a certain field of medicine, the testimony of the specialist in the field is entitled to greater weight than that of the general practitioner. Anderson v. Peek, La.App., 102 So.2d 776.
In a workmen's compensation case involving a back injury, the testimony of orthopedic specialists is entitled to greater weight than that of a general practitioner because of their special knowledge and skill in that field. Scott v. Roy O. Martin Lumber Company, La.App., 116 So.2d 726.
Applying these rules to the instant case, we must accord greater weight to Dr. Grunsten's testimony than that of Dr. Blamphin. Dr. Blamphin himself stated that he considered an orthopedic specialist better qualified than himself in the field of bone injuries and had himself referred plaintiff to Dr. Grunsten for diagnosis and treatment. In addition, we have the testimony of another orthopedist, Dr. Cahen, plaintiff's own witness, that she has completely recovered from the effects of the fractured bone. Another orthopedic surgeon, Dr. James LeNoir, examined patient at her request. This doctor was not produced as a witness by plaintiff and her failure to call him raises a presumption that the doctor's testimony would be unfavorable or adverse to her. Costanza v. Crowson Equipment Co., La.App., 144 So.2d 217; and Thomas v. Fidelity & Casualty Company of *911 New York, La.App., 136 So.2d 824. The other specialist who testified was a surgeon, Dr. Faust, and his findings completely agree with the other specialists.
We do not find the medical testimony conflicting or inconclusive enough to consider the lay testimony which was based solely on the subjective complaints of plaintiff.
From a thorough consideration of all the evidence, we are of the opinion that whatever complaints or disability plaintiff has suffered concerning her back since the cessation of compensation payments are attributable to arthritis of the spine which was neither worsened nor aggravated by the accident.
For the foregoing reasons, the judgment appealed from is annulled and reversed and, accordingly, it is now ordered that there be judgment in favor of defendants and against plaintiff, dismissing plaintiff's suit at her cost in both courts.
Reversed.