160 So.2d 591

**Eddie BABINEAUX**

v.

**GREAT AMERICAN INSURANCE COMPANY.**

No. 46929.

Jan. 20, 1964.

Rehearing Denied Feb. 24, 1964.

John M. Shaw, Lewis & Lewis, Opelousas, for defendant and appellant.

Herschel N. Knight, Knight & Knight, Jennings, for plaintiff-appellee.

FOURNET, Chief Justice.

In the above numbered and entitled case, pending on appeal before the Court of Appeal for the Third Circuit, the judges of that court, availing themselves of the provisions of Section 25 of Article VII of the Constitution of 1921, sought instruction from this court on questions of law, La.App., 155 So.2d 585, and, pursuant to the privilege granted us in this same provision, we decided to order the entire record up so that we might decide the matter in the same manner as if it had been appealed to us directly.

The facts are not in dispute. They reflect that on July 18, 1961, Eddie Babineaux, while acting in the course and scope of his employment as a carpenter for the Eunice Woodworks, Inc. (a hazardous occupation within the meaning and contemplation of

the Louisiana Workmen's Compensation Law), received an injury to the tip of his left index finger that necessitated its surgical amputation at the first or distal interphalangeal joint on July 24, 1961. He was, nevertheless, on August 1, 1961, able to return to work as a carpenter, and it is conceded the injury produced no disabling effect in so far as the work in which he was engaged at the time of the injury is concerned. He was paid compensation by his employer's insurer, the defendant, for one week in the amount of $35, the notation on the check being to the effect that this was for the first "week's payment of compensation covering the period of 7–25–61 to 7–31–61."

When no further payments were forthcoming, plaintiff instituted this suit against his employer's insurer, the Great American Insurance Company, seeking recovery for his injury at the rate of $10 a week for a period of 150 weeks on the basis of the permanent partial loss of the use or function of his *"hand"* under the provisions of R.S. 23:1221(4) (e) and (o),[1] together with interest, penalties, attorney fees, and costs,

subject to credit for the amount of compensation theretofore paid.

■ The defendant, in answer, denied plaintiff was entitled to any compensation whatsoever under R.S. 23:1221 inasmuch as it is conceded he suffered no disability, disfigurement, or impairment of a physical function, being able and capable of performing work of the identical type and character in which he had been engaged at the time of the accident, and, in argument before the trial court, contended, further, he was not entitled to compensation under R.S. 23:1221(4) (b), which authorizes compensation only where there has been a loss of an entire finger and the jurisprudence thereunder denies compensation where only one phalanx of the finger has been lost; finally, that if any compensation is due, then it should not be computed on the basis of the permanent partial loss of *the entire hand* under R.S. 23:1221(4) (e), as contended by plaintiff, but, instead, on the basis of the permanent partial loss of the use or function *of the index finger* under the provisions of R.S. 23:1221(4) (b), particularly since the latter section stipulates that com-

1. The pertinent portion of R.S. 23:1221 relied on by the plaintiff is as follows: "Compensation shall be paid under this Chapter in accordance with the following schedule of payments: * * * (4) In the following cases the compensation shall be as follows: * * * (e) For the *loss of a hand,* sixty-five per centum of wages during *one hundred fifty weeks.* * * * (o) In all cases involving a permanent partial loss of the use or func-

tion of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, *provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member."* (The emphasis has been supplied.)

pensation "For the *loss of a first finger,* commonly called the index finger" shall be "sixty-five per centum of wages during *thirty weeks.*" (The emphasis has been supplied.)

On these issues the case was submitted to .the trial judge for decision in the light of the testimony of a single doctor, this being predicated on a chart devised by the American Medical Association for use in evaluating the disability in the use or function of the hand, his conclusion being plaintiff had suffered an 11% functional disability to *the left hand* as the result of the accident. The trial judge accordingly rendered judgment favorable to the plaintiff as prayed for, and fixed the attorney fees at $300, the amount agreed upon as allowable following the trial.

The defendant appealed to the Court of Appeal for the Third Circuit for a review of this judgment, and that court certified the matter here for instruction, being unable to determine whether (1) compensation should be allowed for the permanent partial loss of the use *of the finger* under R.S. 23:-1221(4) (b) (*o*); (2) for the permanent partial loss of the use or function *of the left hand* under R.S. 23:1221(4) (e) (*o*); or (3) was a non-compensable injury under the provisions of R.S. 23:1221(4) (k), which stipulates that where there has been a "loss of the first phalanx of the thumb or big toe, or *two phalanges of any finger* or toe," this shall be "considered to be equal

to the loss of one-half of such member, and the compensation shall be one-half of the amount above specified," inasmuch as plaintiff suffered the loss of *only one phalanx of the left index finger.* (The emphasis has been supplied.)

Counsel for plaintiff concede in argument here that under the decisions in Bell v. Merchants' Cotton Oil Company, 160 La. 585, 107 So. 436, and Odom v. Atlantic Oil Producing Company, 162 La. 556, 110 So. 754, Babineaux would not be entitled to receive any compensation for the loss of only one phalanx of his left index finger. It is contended, however, that the decisions in these cases, rendered in the light of the provisions of the compensation act then in force (Act No. 216 of 1924), led the legislature of 1926 to adopt Act No. 85, which amended and re-enacted Section 8(d) of that act by adding subsection (15), which is now R.S. 23:1221(4) (*o*), quoted above in Footnote No. 1, and that he is, accordingly, entitled to compensation for the permanent partial loss of the use or function of his *entire left hand* although only one phalanx of the index finger thereof has been amputated.

■ It is obvious to us that by its adoption of Act No. 85 of 1926, shortly after the release of the decision in the Bell case, the legislature intended to liberalize the compensation act and extend coverage so as to include, as nearly as possible, recov-

ery for every type of injury suffered by a workman while acting within the course and scope of his employment. However, realizing it to be almost impossible to provide for every conceivable loss, the legislature inserted what is now R.S. 23:1221(4) (*o*) to permit the courts to arrive at what might be considered a just and reasonable computation of loss when the injury sustained does not fall squarely within the strict and narrow confines of those set out above in this same section under the specific injury schedule in subsection (4). And inasmuch as the injury suffered in the instant case was to ;the left index *"finger"* only, plaintiff's right to recover compensation is limited by the statute to the compensation provided for the loss of all or a portion of that member in R.S. 23:1221(4) (b).

The decisions of the several appellate courts are not only in conflict in their resolution of similar or comparable issues under the act as amended in 1926, but, in some instances, there is conflict in the decisions of a specific circuit. However, the conclusion we have reached under the clear provisions of the act makes it unnecessary for us to discuss these various decisions.

As above pointed out, the only evidence in the record with respect to the compensation to which plaintiff is entitled is that of the doctor who, in concluding plaintiff had suffered an 11% disability to his entire hand, used the American Medical Association Classification for Impairments. This particular work not being available to us, we have resorted to the chart of the entire hand prepared by Slocum and Pratt appearing at page 196A of McBride's "Disability Evaluation" (Fifth Edition), and which has been made a part of the plaintiff's brief in this court. According to this chart, the disability of the function of the hand and fingers is divided into points for what are termed "grasp," "pinch," and "hook." According to this chart, the entire index finger is estimated to control 23% of the function of the hand, and the function of the first phalanx of the index finger is assigned 10 points, these being broken down to 2 for "grasp," 4 for "pinch," and 4 for "hook." Predicated on this computation, the plaintiff is, therefore, entitled to recover only 10.23rds of 65% of his weekly wages at the time of his injury, or $10 a week, whichever is the greater, provided it does not exceed $35 a week,[2] less the amount of compensation already paid him by the defendant.

■ Under the foregoing facts, and particularly in light of the conflicting decisions in the state's appellate courts which

---

2. R.S. 23:1202 provides: "The maximum compensation to be paid under this Chapter shall be thirty-five dollars per week and the minimum compensation shall be ten dollars per week; provided that if at the time of the injury the employee was receiving wages at the rate of ten dollars or less per week, then compensation shall be full wages." As amended by Act No. 411 of 1956.

caused the Court of Appeal for the Third Circuit to seek instructions from us for a determination of the issues here involved, we do not think it can be said the defendant's action in discontinuing compensation payments after plaintiff returned to work on August 1, 1961, was arbitrary, capricious, or without probable cause within the meaning and contemplation of R.S. 22:658 and/or R.S. 23:1201.2, entitling plaintiff to penalties and attorney fees.

For the reasons assigned, the judgment of the district court for the Fifteenth Judicial District, in and for the Parish of Acadia, is amended and recast to read as follows: "It is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Eddie Babineaux, and against the defendant, the Great American Insurance Company, for compensation for the permanent partial loss of the use or function of the first phalanx of the left index finger at the rate of $1\%_{3}$rds of 65% of the plaintiff's weekly wage, or $10, whichever is greater, provided this amount does not exceed $35 a week for a period of thirty (30) weeks, beginning July 25, 1961, but subject to a credit for the compensation paid for the period from July 25, 1961, to July 31, 1961, by check in the amount of $35 dated August 17, 1961, with interest at the rate of 5% on each unpaid installment until paid, and costs," and as thus amended and recast, the judgment is affirmed.