YARRUT, Judge.
Plaintiff appeals from the judgment of the district court denying him workmen’s compensation for 400 weeks at $35.00 per week, plus attorney’s fees, penalties, interest and costs, contending he was totally and permanently disabled from doing the heavy work of a laborer, at which he was engaged at the time of his injury.
Defendant, the compensation insurer of Plaintiff’s employer, admits Plaintiff’s employment and injury, but contends that the injury was limited only to his right middle finger; that when Plaintiff was injured on November 8, 1963, Defendant immediately referred him to a competent orthopedic surgeon, Dr. O. L. Pollingue, who treated Plaintiff periodically and advised both Defendant and Plaintiff that Plaintiff could return to work on January 3, 1964.
Defendant paid all of Plaintiff’s medical expenses, plus compensation at the rate of $35.00 a week for the period November 8, 1963 through and including January 3, 1964, or a total of $280.00. Defendant further contends that on January 3, 1964 Plaintiff returned to work for his employer at the same pay and for the same type of work he was doing before his accident; that Plaintiff suffered only a 45% impairment of his right third finger, which im *587 pairment is not disabling, and which has not interfered in any manner with his work as a laborer; that contrary to Plaintiff’s charge that Defendant failed to pay Workmen’s Compensation since January 3, 1964, Defendant paid compensation benefits to Plaintiff since January 3, 1964, when Plaintiff returned to work, on the basis of a scheduled loss of 45% of the function of his right third finger, which compensation was paid despite the fact Plaintiff made no claim for additional compensation prior to the filing of this suit.
The district judge, in dismissing Plaintiff’s suit, though he gave no written reasons, had first to conclude that Plaintiff was paid all compensation due him under LSA-R..S. 23:1221(4) (c), (o), since his injury was only to half of the terminal phalanx of his right middle finger, and did not involve the loss of use of his hand.
Total compensation paid Plaintiff was $617.80 for the permanent impairment of the function of his finger, computed on the basis of 20 weeks at the rate of 45% of 65% of a weekly wage of $105.60.
Plaintiff was employed as a part-time common laborer for his employer, a pile-driving contractor, at $2.20 an hour, if and when work was available. He worked at various construction sites and in his employer’s maintenance yard where piles and heavy equipment were assembled or stored.
On November 8, 1963, while at work in the yard, he lost the distal one-half of the terminal phalanx of the right middle finger. His foreman, the maintenance department superintendent, immediately took him to Dr. Pollingue. Plaintiff was not allowed to return to work for eight weeks following corrective surgery by Dr. Pollingue, during which time he was paid compensation of $35.00 per week. He returned to work on a trial basis on January 3, 1964. On January 20, 1964 he was re-examined and discharged by Dr. Pollingue, who advised Defendant that Plaintiff had suffered a 45% impairment of the function of his right third finger, with no hand involvement. Plaintiff then returned to work and,, at the time of the trial of this case, was-performing the same general type of common labor as before his accident.
In contradiction of Plaintiff’s testimony, his foreman and superintendent testified he did not put him on light work when Plaintiff returned after discharge by Dr. Pol-lingue, but on the regular work he did before.
Of the two medical experts who testified, Dr. Pollingue was an orthopedist and Dr. Levy a neurosurgeon.
Dr. Pollingue treated Plaintiff from the date of his injury until he discharged him on January 3, 1964, as fit to return to work. Dr. Levy examined Plaintiff for the first time on April 15, 1964, a week before the trial, at the request of Plaintiff’s counsel.
Dr. Levy admitted Plaintiff never informed him he had returned to work, that he had been discharged by Dr. Pollingue as fit to return to work with the understanding that, should he suffer any pain or discomfort, he had the right to return to Dr. Pollingue, and that he had never so returned.
Dr. Levy suggested that, on the basis of Plaintiff’s subjective complaints, it was possible he would need further surgery on the stump of his injured finger, though he acknowledged he was not an expert in the particular field of medicine involved, that he did not perform such operations and recommended Plaintiff be examined by an orthopedic specialist. Dr. Levy, therefore, left the final determination to Dr. Pol-lingue, who testified that no further surgery was necessary or advisable as it might cause a tendon involvement.
A specialist’s opinion is entitled to greater weight than that of a doctor not so qualified. Harrell v. Southern Pulpwood Insurance Co., 155 So.2d 281 (La.App. 3rd Cir.1963); Taylor v. Hawkins, 153 So.2d 192 (La.App. 2d Cir.1963).
The record show that Plaintiff, without the knowledge or approval of Dr. Pol- *588 lingue, devised a metallic guard to cover his injured finger to prevent its contact with equipment and materials while he worked. His foreman testified he had never seen Plaintiff wearing the finger guard until a week before the trial.
Two recent cases have held that a worker, who sustains a permanent partial loss of function of a finger, should be compensated on the basis of a percentage of the award for the scheduled loss of a finger. LSA-R.S. 23:1221(4) (c), (o), Babineaux v. Great American Insurance Co., 245 La. 718, 160 So.2d 591; Spencer v. Kaiser Aluminum & Chemical Corp., La.App., 152 So.2d 215.
The judgment of the district court Is correct and is affirmed, no costs assessed against Plaintiff who was permitted to proceed in forma pauperis.
Affirmed.