REGAN, Judge.
The plaintiff, Cecil Mullins, instituted this suit against the defendant, National Food Stores of Louisiana, Inc., endeavoring to recover the sum of $3,474.00, representing workmen’s compensation at the rate of $17.37 per week for a period of 200 weeks as the result of an accident which necessitated the amputation and disarticulation of his left index finger, with the consequent loss of 23% of the use or function of the left arm; in the alternative, plaintiff requested the rendition of a judgment decreeing a 25% loss of the use or function of the left hand. In addition thereto, the plaintiff pleaded for medical expenses and the imposition of penalties and attorney’s fees.
The defendant answered and asserted therein that the plaintiff’s right to recovery should be limited to $35.00 per week for a period of 30 weeks, representing compensation for the loss of the left index finger, minus a credit of $35.00 per week for a period of 5 weeks.
From a judgment in favor of the plaintiff awarding him compensation at the rate of $18.81 a week for a period of 150 weeks, representing compensation for a 25% loss of the use or function of the left hand subject to a credit of $35.00 a week for a total of 5 weeks, the defendant has prosecuted this appeal.
The record reveals that the plaintiff, a right-handed journeyman butcher, incurred an injury to his left index finger on March 1, 1963. As a result thereof, the finger was amputated at the metacarpal phalangeal joint, usually referred to as the knuckle of the hand.[1]
Plaintiff’s work included the manual butchering of meat, operating of meat slicing machines, meat grinders and tenderizers. As a result of his injury, he was unable to resume his occupation for a period of 5 weeks and was paid, during this period of convalescence, compensation at the rate of $35.00 per week by the defendant. Thereafter he returned to his employment and performed the same tasks in connection therewith as he did prior to the occurrence of the accident.
In as much as the foregoing facts are not disputed, and since the plaintiff on appeal has abandoned his claim for compensation for a 23% loss of use or function of the *21 left arm, it is obvious that the sole vexatious •question posed for our consideration is whether the plaintiff is entitled to recover only for the loss of the use or function of the left index finger, or is he entitled to recover for a 25% loss of use or function of the left hand?
The pertinent part of the Workmen’s Compensation Statute, LSA-R.S. 23:1221, reads:

“(4) In the following cases the compensation shall be as follows:

“(b) For the loss of a first finger, commonly called the index finger, sixty-five per centum of wages during thirty weeks.

“(e) For the loss of a hand, sixty-five per centum of wages during one hundred fifty weeks.
“(f) For the loss of an arm, sixty-five per centum of wages during two hundred weeks.”
In support of its argument of limitation ■of compensation, the defendant refers us •to the cases of Babineaux v. Great American Insurance Co.,[2] and Spencer v. Kaiser Aluminum and Chemical Corp.,[3] wherein it was rationalized that an employee who loses the distal phalanx of an index finger is entitled to recover in conformity with R.S. 23 :1221(4) (b) for the loss of a finger only, and not for the loss of function of his hand.
In contradistinction, the plaintiff in support of his contention relies, as a guide, upon the rationale emanating from Ellis v. Bemis Bros. Bag Co.,[4] wherein this court awarded compensation for the loss of function of the plaintiff’s hand. The injury in that case consisted of a fracture of the proximal phalanx of the right index finger which produced loss of use or function of the hand.
A considerable amount of testimony was adduced in the lower court relative to, the percentage of disability which results to an individual’s hand and arm because of the loss of use or function of a finger. Predicated upon tables published in the “Journal of the American Medical Association” for the month of February, 1958, the plaintiff’s physician, Dr. Edward T. Haslam, testified that the loss of the plaintiff’s finger could be translated into a 25% loss of the use or function of the left hand and a 23% loss of the use or function of the left arm. Dr. Harry Morris, who appeared on behalf of the defendant, expressed the opinion that the plaintiff’s injury resulted in a 25% loss of the use or function of the left hand and a 22.5% loss of the use or function of the left arm. Dr. George Berkett, who also appeared on behalf of the defendant, expressed the opinion that the plaintiff had incurred a 20% loss of the use of the left hand; however, he concluded that the plaintiff did not sustain any loss of the use or function of the left arm.
An analysis of the expert testimony emanating from these eminent physicians reveals quite clearly that they were thinking and then'testifying in the context of medical disability and not in the context of legal disability as delineated by the pertinent section of .the Workmen’s Compensation .Statute. Fortunately, we find it unnecessary to engage in an elongated judicial discussion relative to the legal validity vcl non of their medical conclusions, because of the astute observation of the trial court in its reasons for judgment wherein it said:
“The Court examined the plaintiff’s hand and observed the site of the dis-articulation referred to by the doctors and when the Court requested the plaintiff to place the palm of the left hand against the palm of the right hand it *22 was obvious that the breadth of the left hand was some one inch less than that of the right hand. The plaintiff testified that due to the amputation he had difficulty performing certain functions relating to his job and that his ability to grasp objects such as small pieces of chicken was impaired and that his ability to operate the slicing machine and the grinding machine was also impaired. The Court credits the plaintiff’s testimony on this point and in view of its own examination and the testimony of the medical experts is firmly convinced that plaintiff’s injury has left him with a 25% loss of use or function of the left hand.”
In view of the foregoing visual and physical examination, the trial judge was quite convinced that the plaintiff not only incurred a compensable injury to his left index finger, but to his hand as well. We are in accord with this conclusion.
We are also of the opinion that the Bab-ineaux and Spencer cases referred to here-inabove are clearly distinguishable factually from this case. In those cases the plaintiff incurred a loss of the distal phalanx of the finger or a portion thereof. However, in the Ellis case, relied upon as a guide by the plaintiff, the claimant' incurred a fracture of the proximal phalanx of the right index finger, which in turn caused a loss of use or function of the hand. The judge of the lower court emphasized that the injury in this case was a complete disarticulation of the medicarpal interphalangeal joint, which caused a greater loss of use of function of the plaintiff’s hand than the injuries incurred by the claimant in the Ellis case. It was also pointed out by the lower court that a writ of certiorari was denied by the Supreme Court in both the Ellis and Spencer cases on the same day, and it is therefore reasonable to conclude therefrom that the court distinguished both cases on their facts. Of course, individualization of this type of case is the very nature of the civilian judicial function. The civil law has always recognized that certain branches of the law call in conspicuous measures for certainty and order (stare decisis) for an administration of justice that is strict and in a sense mechanical, such as inheritance or successions, definition of interest in property and the conveyance thereof, matters of commercial law, and transfers of obligations, etc.
Other branches of law are better served, as in this instance, where flexible standards capable of being individualized to meet the needs of varying conditions, supersede the rigid rule with its mechanical application, such as torts, workmen’s compensation, and generally those branches of law that deal immediately with conduct.
 The plaintiff's counsel insists that we impose penalties and attorney’s fees herein predicated upon the hypothesis that the defendant acted arbitrarily and capriciously in neglecting to pay the plaintiff without court approval for the loss of a finger. It will be recalled that the plaintiff was at this time claiming a percentage loss of use or function of the left arm or hand. However, in view of the fact that the Workmen’s Compensation Act is primarily designed to insure the payment of weekly compensation to an employee so that he may subsist during his period of disability,[5] we are of the opinion that the defendant’s failure to pay the increased amount demanded for a percentage loss of use or function of the left arm or hand, especially after the plaintiff resumed his former occupation, was not so arbitrary or capricious as to warrant the imposition of penalties and attorney’s fees. The above conclusion is further substantiated by virtue of the judicial difficulty involved in the solution of the vexatious questions of law and fact which were initially posed for the defendant’s deter- *23 initiation and ultimately for our appellate consideration.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant is to pay all costs hereof.
Affirmed.

. We understand that the metacarpal pha-langeal joint is part of both the finger and the hand, and it is the joint responsible for keeping the finger and the hand attached together.

. 245 La. 718, 160 So.2d 591.

. La.App., 152 So.2d 215.

. La.App., 146 So.2d 667.

. See Spencer v. Kaiser Aluminum and Chemical Co., supra.