204 So.2d 719 (1967)
Clarence MECHE, Plaintiff-Appellee,
v.
MARYLAND CASUALTY COMPANY et al., Defendants-Appellants.
No. 2162.
Court of Appeal of Louisiana, Third Circuit.
November 29, 1967.
Rehearing Denied December 28, 1967.
Writ Refused February 2, 1968.
*720 Mouton, Champagne & Colomb, by Welton P. Mouton, Sr., Lafayette, for defendants-appellants.
J. Minos Simon, Lafayette, for plaintiff-appellee.
Before SAVOY, LEAR, and CULPEPPER, JJ.
LEAR, Judge.
This is an appeal by defendant from the judgment which awarded plaintiff compensation for total and permanent disability. Defendants are T. E. Truax & Son, alleged to be in partnership, Murray Truax and Maryland Casualty Company. Plaintiff has answered the appeal asking for penalties and attorney's fees. It was stipulated that $700.00 in workmen's compensation was paid to plaintiff, payments being terminated following a report from Dr. Fred C. Webre dated November 8, 1966.
Plaintiff, Clarence Meche, was employed as a truck driver for defendants, T. E. Truax & Son and Murray Truax on May 30, 1966, on which date he alleges that he injured his back while unloading roofing material in Garyville, Louisiana. He describes the accident as a sudden burning sensation in his back which occurred as he was lifting a bundle of roofing material. Plaintiff stated that he walked around a couple of minutes and the burning pain passed. He then finished unloading the 45-pound bundles of roofing material from his truck without further pain. Plaintiff then drove from Garyville to Shreveport, Louisiana, a distance of about 250 miles, to pick up a load of material. He performed some physical labor in connecting the loaded trailer to the truck, which required getting under the trailer and pulling a handle to lock the fifth wheel. He felt no pain at that time. This load of roofing material was delivered, but plaintiff could not recall to what destination. He returned the next day to Shreveport for another load and followed the same procedure in connecting the trailer to the tractor. He stated that he continued to work for three or four weeks driving the truck for Mr. Truax and that he told Mr. Truax and Mr. Harmon, who was identified as a brother-in-law of Mr. Truax, about the injury some two and a half weeks after it occurred. It was further his testimony that about a week and a half passed before his back started to hurt after the initial accident. Plaintiff testified that he left his employment after about four weeks from the date of the accident and went to work driving a truck for Walter Truax, who was identified as a brother of his previous employer Murray Truax. Plaintiff made several trips to Beaumont, Texas, and to parts of Louisiana hauling rice and beans. Plaintiff's deposition was taken on March 15, 1967, and indicates that plaintiff continued to drive trucks for Walter Truax on various occasions up to a period of about two weeks prior to the March 15th deposition.
Dr. Thomas McNeeley, a general practitioner, testified that he saw plaintiff on June 20, 1966, at which time plaintiff related that he had injured his back on May 30, 1966, while unloading roofing material. The doctor found spasm of the left paraspinous muscle in the region of the lumbar spine. He was of the opinion that plaintiff may have had a ruptured intervertebral disc. Plaintiff was hospitalized by Dr. McNeeley and placed in traction for five days and was given muscle relaxants during this *721 period. The doctor continued to see plaintiff and then referred him to Dr. Fred C. Webre, an orthopedist, for an opinion from the specialist. Dr. Webre saw plaintiff on September 2, 1966, at which time plaintiff was wearing a lumbosacral support which had been provided by Dr. McNeeley. Dr. Webre examined plaintiff again on October 31, 1966, at which time plaintiff complained of pain in his left hip. On both examinations, Dr. Webre found no limitation of motion of the back and no objective evidence of disability. He was of the opinion that any residual symptoms from his lumbosacral strain were rather minimal. This doctor's records reveal that plaintiff gave June 8, 1966, as the date of the injury. The bill of lading for the roofing material was stipulated to indicate that plaintiff was in Garyville on May 4, 1966, and, according to plaintiff and the stipulated testimony of Mr. Raymond Duhe of Garyville, plaintiff was in Garyville only once in 1966. The opinion of Dr. McNeeley expressed both in testimony and by reports filed in evidence is that, although there was no objective evidence of disability in November, 1966, at which time he discharged plaintiff, he felt that plaintiff was truthful and still experienced back pain. This opinion appears to be more of an opinion as to plaintiff's veracity than to his disability. The deposition of Dr. Blaise Salatich was taken on March 15, 1967. It reveals that this doctor saw plaintiff on December 1, 1966, and on March 8, 1967, at the request of plaintiff's attorneys. Without going into his testimony in detail, suffice it to say that his examination for evaluation purposes will not be accorded the weight of the treating physician, Dr. McNeeley, or the orthopedic specialist, Dr. Webre, to whom plaintiff was referred by the treating physician.
As well stated by the learned trial judge:
"In weighing medical opinions, our Courts have held that the testimony of an attending physician should ordinarily be accorded more weight than that of physicians who had made an examination for purposes of diagnosis only. Richmond v. New Amsterdam Casualty Co., 85 So.2d 717 (La.App.1956); White v. Insurance Company of N. A., 150 So.2d 908 (La. App.1963).
"When the injury falls within a certain field of medicine, the testimony of the specialist in the field is entitled to greater weight than that of the general practitioner. In a workmen's compensation case involving a back injury, the testimony of an orthopedic specialist is entitled to greater weight than that of a general practitioner, because of their special knowledge and skill in that field. Scott v. Roy O. Martin Lbr. Co., 116 So. 2d 726 (La.App.1909); Nixon v. Pittsburgh Glass Co., 161 So.2d 361 (La.App. 1964); Williams v. North American Ins. Co., 169 So.2d 586 (La.App.1964)."
From the testimony and the evidence in the record in this case, this court is of the opinion that plaintiff suffered a lumbosacral strain to his back as evidenced by the objective findings referred to by Dr. McNeeley and the testimony of Dr. Webre. When and where is not evidenced in the record to any degree of certainty.
Be that as it may, there is positive testimony by Dr. Webre after two examinations that any residual symptoms were minimal.
As previously stated, plaintiff was paid compensation until defendant's insurer received the November 8, 1966, report of Dr. Webre to the effect that plaintiff could return to his former occupation.
This court is reluctant to reverse a trial judge on a question of fact and is much aware of the great weight to be given to such findings; however, the burden is on the plaintiff to prove the essential elements of his case by a preponderance of the evidence. This the plaintiff has failed to do.
*722 Judgment of the trial court will be reversed, the plaintiff to pay all costs, including the costs of this appeal.
Reversed.

On Application for Rehearing.
En Banc. Rehearing denied.