CULPEPPER, Judge.
This is a workmen’s compensation case. From an adverse judgment, plaintiff appealed.
The issues are: (1) Was plaintiff permanently and totally disabled beyond the date on which compensation payments were stopped? (2) Under the evidence, which shows plaintiff has permanently lost 15% of the function of his left thumb, should compensation benefits be allowed on the basis of permanent partial loss of use of the thumb, the hand, the arm or the body? (3) Penalties and attorney’s fees ?
Plaintiff, a 60 year old white male, worked as a roughneck on an oil rig. On January 27, 1969, he sustained a crushing type injury to his left thumb. He was first seen by Dr. Wayne LaHaye, a general practitioner in Mamou, Louisiana. This physician found a laceration through the mid-portion of the left thumb, extending from the mid-line medially almost to the distal crease of the thumb. X-rays showed only a small fracture of the distal portion of the finger. The laceration was cleaned and sutured. The thumb healed normally. On February 14, 1969, Dr. LaHaye discharged plaintiff as able to return to work. On February 24, 1969, plaintiff actually did return to his same employment. Workmen’s compensation payments were terminated as of February 25.
On March 15, 1969, plaintiff left his employment because of pneumonia and a heart condition. He is now disabled from these causes.
On June 26, 1969, plaintiff was seen by Dr. Robert Luke Bordelon, an orthopedic surgeon of Opelousas, for complaints of tenderness and stiffness of the thumb. It *827 is this physician’s opinion that, although the condition of the thumb, is not disabling for work as a roughneck, plaintiff does have a permanent loss of use or function. He estimated this loss at 15% of the thumb, of the hand, 6% of the arm and 3% of the body as a whole.
On receipt of a copy of Dr. Bordelon’s report, defendant conceded liability on the basis of 15% permanent partial loss of the use of the thumb, brought all past due payments on this basis up to date and was continuing to make such weekly payments at the time this suit was tried.
The first issue is whether plaintiff was permanently and totally disabled beyond February 24, 1969, the date on which workmen’s compensation payments were terminated. We have no difficulty concluding he was not. Both Dr. LaHaye and Dr. Bordelon testified plaintiff suffered no disability because of the thumb after the date in question. Furthermore, plaintiff actually returned to work and performed all of his duties satisfactorily until he had to quit because of a heart condition, which is not related to the accident.
The next issue is the computation of benefits for permanent partial loss of 15% of the function of the thumb. Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591 (1964) is controlling here. There, the court held that where the injury was limited to the left index finger, benefits are computed on the basis of permanent partial loss of use of the finger, LSA-R.S. 23:1221(4) (b) rather than on the basis of permanent partial loss of use of the hand, LSA-R.S. 23:1221(4) (e).
The record shows defendant is paying benefits based on the method of computation established in the Babineaux case. We find no merit to plaintiff’s contention that benefits should be paid on the basis of partial loss of use of the hand, arm, or body as a whole.
The final issue is penalties and attorney’s fees. In his brief filed in this court, counsel for plaintiff states defendant received Dr. Bordelon’s report on June 27, 1969, suit was filed on July 9, 1969 and defendant did not start paying compensation for partial loss of use of the thumb until October 6, 1969, which, plaintiff contends, is more than 60 days after defendant had knowledge that these benefits were due. We are unable to understand this contention. There is a stipulation in the record, at Tr. p. 71, that defendant did not receive a copy of Dr. Bordelon’s report until August 26, 1969. The benefits in question were commenced on October 6, 1969, which was well within the 60-day period. Under the circumstances, defendant was not arbitrary or capricious in failing to pay these benefits. See Mullins v. National Food Stores of Louisiana, Inc., 175 So.2d 19 (La.App. 4th Cir. 1965).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.