CULPEPPER, Judge.
This is a workmen’s compensation case. Plaintiff injured the index finger of her right hand. Defendant paid benefits during 30 weeks for the loss of the finger, under LSA-R.S. 23:1221(4) (b). On appeal, plaintiffs seeks 150 weeks for the loss of a hand, under LSA-R.S. 23:1221(4) (e). The district judge found plaintiff is entitled only to benefits for the loss of the finger. Plaintiff appealed.
The relative facts were stipulated by the parties and are as follows. A customer’s child slammed a drawer shut on plaintiff’s right hand, fracturing the distal portion of the proximal phalanx of the index finger. The finger was splinted and recovery was normal. There is about 50% partial permanent disability of the index finger. There is no disability of any other portion of the hand. Although the impairment of the finger is only 50% at most, defendant paid 30 weeks benefits for the loss of the finger. Plaintiff is not disabled from performing the work she was doing at the time of the accident.
Plaintiff’s contention that the entire hand is disabled is based on the testimony of Dr. James Gilley. He found the disability of the finger is 50% and, using a standard chart, opined this produced a disability of 10% of the hand as a whole.
Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591 (1964) controls the issue presented. In that case our Supreme Court held that compensation for loss of a finger, without injury to any other portion of the hand, must be computed on the basis of loss of the finger and not on the basis of permanent partial loss of the hand. See also Johnson v. Insurance Company of North America, 236 So.2d 825, (La.App. 3rd Cir. 1970) and Guardalabene v. Tenneco Oil Company, 246 So.2d 708 (La.App. 4th Cir. 1971) which follow the Babineaux case. *686 Applying this jurisprudence to the facts of the present matter, plaintiff is entitled to no more than 30 weeks.
Plaintiff relies on Anderson v. Employers Liability Assurance Corporation, 211 So.2d 696 (La.App. 3rd Cir. 1968), in which plaintiff fractured the thumb and forefinger of his left hand. The issue presented on appeal was whether he was entitled to recover for partial disability to do work of any reasonable character, under LSA-R.S. 23:1221(3), or for partial permanent loss of use of the hand, under LSA-R.S. 23:1221(4) (e), (o). There was no issue as to whether the disability related to the finger or the hand. Under the expert medical testimony that plaintiff suffered a 25% permanent partial loss of use of the hand, we held benefits should be computed on that basis. Thus, the Anderson case is distinguished from the present matter.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.