BOLIN, Judge.
Plaintiff received workmen’s compensation benefits in excess of the amount due for the partial loss of function of his two injured fingers. La.R.S. 23:1221(4)(c) and (o j.[1] He then sued defendant insurer, claiming benefits for permanent disability. The trial court rejected plaintiff’s demands for this additional relief and he appeals, We affirm.
The issue is whether there is sufficient evidence to support a finding of disability in addition to the partial loss of physical function in two fingers of plaintiff’s left hand.
Plaintiff was an unskilled laborer who earned the minimum wage in his employment with a painting contractor. He severely fractured bones in the third and fourth fingers of his left hand when' he fell from a riding lawnmower and his hand came in contact with the machine’s spinning blade. Defendant, his employer’s workmen’s compensation insurer, paid all plaintiff’s medical expenses after the accident in addition to weekly disability benefits of $62 each.
The insurer continued payments until the treating physician certified plaintiff was able to return to his former duties approximately eight months after the accident.[2] This doctor’s report at the time of release stated plaintiff would retain “a permanent physical impairment of function of the long finger of 75% and of the ring finger of 50%.” The doctor specifically applied this impairment to the fingers only and not to the hand. The record shows the doctor considered plaintiff able to perform a 11 the duties of his pre-injury employment.
Plaintiff testified he was able to, and did, perform the same work for his employer after the injury. However, he stated he could not lift heavy objects and occasionally experienced pain in his left hand while working.
*524 We hold the evidence fails to support a finding of disability in addition to the permanent loss of function in the two fingers of 75% and 50% respectively. Where there is physical injury, but no resulting employment disability, the statutory schedule of payments for specified losses contained in R.S. 23:1221(4) serves as the criterion for determining the compensation due. Farrar v. Guy Atkinson Company, 325 So.2d 893 (La.App.2d Cir., 1976). See also Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591 (1964), and Austin v. J. C. Penney Company, 253 So.2d 685 (La.App.3d Cir., 1971).
Since plaintiff has already been paid workmen’s compensation benefits in excess of the amount required by the cited statute, the judgment denying him additional relief is affirmed at appellant’s cost.

. § 1221.
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
* * * * * * *
(4) In the following cases, the compensation shall be as follows:
* * * * * *
(c) For the loss of any other finger, or a big toe, sixty-six and two-thirds per centum of wages during twenty weeks.
* * * * * *
(o) In all cases involving a permanent partial loss of use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.

. Payments of $62 weekly were made for. a period of 37 weeks. Three additional payments of $25 each were made after the date of the physician’s report releasing plaintiff to return to work. The total compensation paid was $2369.