CHEHARDY, Judge.
Defendant, Slicky’s Pizza Parlor, has appealed a judgment awarding its former employee William Burandt workmen’s compensation benefits for permanent partial disability to his left hand plus 12% penalties on the unpaid amount and attorney fees. The accident occurred March 23, 1976.
*CMLXXXVI Appellant does not dispute plaintiff incurred a compensable injury during the course and scope of his employment as a cook. First he asserts the claim prescribed because the petition was filed more than a year after the accident, and alternatively, defendant contends the benefits awarded exceed the amount specified by statute. Appellant also contends penalties and attorney fees are not warranted by the evidence.
The claim of prescription is without merit. Suit was filed within a year of the accident without plaintiff signing the verifying affidavit required by R.S. 23:1311. After defendant filed an exception based on lack of verification, plaintiff supplied the required affidavit in a supplemental petition. Although the affidavit was not in the record when a year from the accident elapsed, under C.C.P. art. 1153, the supplemental petition related back to the date of the original filing. Additionally, courts are not bound by technical rules of evidence and procedure in workmen’s compensation cases (R.S. 23:1317); in fact trial judges are authorized to receive amending pleadings at any stage of the procedure (R.S. 23:1315).
Turning to the merits, the record reflects plaintiff cut through the ring and small fingers of his left hand, severing the tendons in both and the nerve in the small finger. Dr. Harry Hoerner, the orthopedist who surgically repaired the fingers, rated each affected digit with a 25% permanent partial disability which directly resulted in a 10% impairment to the left hand. The doctor based the hand impairment percentage on plaintiff’s partial loss of gripping and grasping functions of that hand. There is no medical evidence to rebut this.
In awarding compensation, the trial court applied R.S. 23:1221(4)(e), which provides benefits for 150 weeks for a hand disability; appellant contends he should have applied the schedule stipulating for partial loss of use of function of fingers. (R.S. 23:1221(4)(c).) Defendant reasons that if finger injuries are also related to the hand it would be superfluous to include the (c) schedule.
We disagree. In Bearb v. Boutte, 295 So.2d 533 (La.App. 3d Cir. 1974); writ refused, 299 So.2d 797, a carpenter claimant who lost an index finger received benefits based on permanent partial impairment of the hand. This is not to say every loss of a finger or partially disabling injury is automatically subject to a hand rating disability; where the medical evidence establishes the loss of fingers directly impairs the function of the hand, the workmen should be compensated for the greater loss. The cases relied on by defendant are distinguishable in that none of the opinions reflect that any medical witness found the finger damage directly related to a hand impairment. In fact in Austin v. J. C. Penney Company, 253 So.2d 685 (La.App. 3d Cir. 1971), the court stated there was no evidence of disability to the hand. In Babineaux v. Great American Insurance Company, 160 So.2d 591 (La.1964), the Supreme Court did limit the workman who lost a phalanx of the index finger to recover under the finger schedule despite the fact that there was in the record a rating of 11% loss of use of the hand. We conclude the Supreme Court reached that result because the medical evidence did not convincingly relate the loss of the digit directly to disability of the hand. In that case the doctor relied on a medical chart and did not relate the partial amputation to the individual plaintiff or explain how in his case specifically it produced hand disability.
In Babineaux, the Court pointed out that all injuries do not fall squarely within the strict and narrow confines of losses described in the schedule, thus R.S. 23:1221(4)(o) enables a court to arrive at a just and reasonable computation of loss. The trial court assessed proper benefits in this case.
Finally we consider defendant’s argument that penalties and attorney fees were improvidently awarded. Under R.S. 23:1201.2 the self-insured employer who fails to pay benefits arbitrarily, capriciously or without probable cause is liable for 12% on the amount of benefits found due, plus attorney fees. In this case we are concerned with partial loss of use of a function *CMLXXXVII and in Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977), the Court noted that as a general rule where partial disability is the basis of the claim, the employer is not justified in terminating all benefits until the amounts stipulated in the schedule under R.S. 23:1221(4) are fully paid. Here plaintiff was paid $320 before benefits were terminated. Additionally defendant proved he was entitled to an offsetting credit of $547.87 against the judgment.
Had defendant’s position been maintained that benefits were limited to the schedule of minimum benefits for loss of two fingers, the award to plaintiff would still have been more than the amount for which defendant was entitled to a credit. Compensation would have been $1,000 while the undisputed amount of the credit due defendant is $867.87. Further one of the owners of Slicky’s testified the reason for cutting off compensation was that he and plaintiff had a fight.
Under these circumstances we find no error in the trial court’s conclusion that discontinuing of benefits was arbitrary, capricious and without probable cause and affirm the award of $350 attorney fees and penalties.
In brief, appellee asked for increased attorney fees to compensate counsel for the time spent on this appeal. In view of the failure to appeal or answer the appeal, we cannot modify the judgment. C.C.P. art. 2133; Hills v. Travelers Insurance Co., 250 So.2d 551 (La.App. 1st Cir. 1971).
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.