66 So.2d 342

## BLANCHARD v. PITTSBURG–DES MOINES STEEL CO. et al.

No. 40931.

June 1, 1953.

Isom J. Guillory, Jr., and Isom J. Guillory, Eunice, for plaintiff-appellant.

Stafford & Pitts, Alexandria, for defendants-respondents.

HAWTHORNE, Justice.

This is a workmen's compensation suit in which plaintiff, an injured employee, seeks to recover compensation for permanent total disability to do work of any reasonable character. The district court concluded that the injury to plaintiff produced partial disability to do work of any reasonable character and awarded to him the minimum compensation payable under the act,

the sum of $3 per week, for a period not to exceed 300 weeks, subject to a credit for compensation already paid.

On appeal the Court of Appeal, Second Circuit, concluded, as did the district court, that the plaintiff's injury produced partial disability to do work of any reasonable character, but reversed the judgment of the district court and denied to plaintiff any compensation whatsoever. 59 So.2d 384, 388. A writ was granted in this case so that we could review the judgment of the Court of Appeal which denied the relator even the minimum compensation, although the court had concluded under the facts of the case that he was partially disabled to do work of any reasonable character.

At the time of the injury plaintiff was employed as a common laborer engaged in driving a truck, hauling materials and supplies, etc. While in the course and scope of his employment he sustained a fall, severely injuring his right thumb. The Court of Appeal after reviewing all the evidence fully agreed with the district court that the injury to plaintiff's thumb resulted in an impairment to its function and use to the extent of 10 per cent, and that at the time of the injury plaintiff was earning a weekly wage of not less than $31. There is no evidence to show the exact weekly wage of the plaintiff, but the court computed it on the basis of the amount of weekly compensation already paid by the respondent, which was admitted in the answer to be $20.19 per week. By this computation weekly wages were fixed at a sum not less than $31.

At the time the case was tried in the lower court, plaintiff-relator was employed as an overseer on a farm at a weekly wage of $30. The Court of Appeal denied compensation, pointing out that the difference in the weekly wage earned by the injured employee prior to the accident and his present wage as an overseer amounted to only $1, and stating that this difference, which was "not established as being due to the injury or lack of capacity, or lack of ability to work, is too unimportant to be regarded as constituting that nature and character of difference in earning power which was contemplated by the statute", and that there was no showing that plaintiff, who was earning $30 a week since the injury, could not in the employ of another earn more than $30 a week.

We are in accord with the finding of the Court of Appeal that the injury suffered by plaintiff produced partial disability to do work of any reasonable character, but we find no basis in the statute for its conclusion that the plaintiff should not be awarded the minimum compensation to which he is clearly entitled under the act. Once such partial disability has been found to exist, the plaintiff under the provisions of the Workmen's Compensation Act, LSA–R.S. 23:1221, is entitled to 65 per cent of the difference between his wages at the time of the injury

and the wages which he is able to earn thereafter during the disability, not, however, beyond 300 weeks.[1] Thus under the facts of this case the plaintiff would be entitled to the minimum compensation of $3 provided in the act. See LSA-R.S. 23:1202.

█ It was not incumbent upon the plaintiff to show that he could not in the employ of another earn more than $30 per week; and that he might earn more than $30 if employed by another is strictly problematical, indefinite, and uncertain.

█ Relator argues and contends that he should be awarded compensation for permanent total disability, and that because of the injury to his thumb he is unable to perform work of the same or similar character as that which he was accustomed to perform, that is, common labor, citing and relying on the case of Hughes v. Enloe, 214 La. 538, 38 So.2d 225, recently decided by this court. This contention was also made in the Court of Appeal and correctly disposed of by that court. That court pointed out that the facts of this case do not justify a conclusion that plaintiff is unable to secure employment as a common laborer, and that plaintiff failed to establish by any reasonable preponderance of the evidence that the somewhat minor residual disability in the thumb of his right hand resulted in permanent total disability to do ordinary work in the usual pursuit of common labor; in other words, that the evidence in the instant case does not establish that the plaintiff because of his injury is unable to perform work of the same or similar character as that which he was accustomed to perform.

We do not think that we can improve either on the language or on the reasoning of the Court of Appeal in distinguishing the instant case from the Enloe case relied upon by relator here. The Court of Appeal showed an acute and perceptive understanding of the Enloe case and of the reasons for this court's decision therein, and pointed out how that case has no application and is not pertinent or controlling

1. In the instant case it is immaterial whether we compute the compensation at 65 per cent of the difference between the wages he was earning at the time of the accident and the wages he was earning as an overseer, or, if the work of an overseer cannot be classed as manual or common labor, whether we compute it on the basis of 10 per cent (the percentage of plaintiff's impairment) of 65 per cent of the weekly wages he was earning at the time of the accident, as stated in Morgan v. American Bitumuls Co., 217 La. 968, 47 So.2d 739, for under either computation the amount would be less than $3 per week, which would entitle plaintiff to the minimum compensation of $3 as provided in the act. Although the amount computed by either method is small and insignificant, the plaintiff is nevertheless entitled to some compensation, and the minimum amount payable under the act is $3 per week.

583

584

under the facts of the instant case. See 59 So.2d 384, 387.

For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside, and the decree of the district court is reinstated and made the decree of this court. Respondent is to pay all costs.