ELLIS, Judge.
This is a tort action brought by Fred Green who alleges that he was thrown from the seat of a bus to its floor, causing personal injuries. The Baton Rouge, Bus Company, Inc., upon whose bus the plaintiff was a passenger, the Aetna Casualty & Surety Co., its insurer, and the Dayey Tree Expert Co. were named as defendants. The petition alleges negligence , upon the part of the driver of the bus and the operator of a truck owned by the Davey Tree Expert Co. as the proximate cause of his injuries. The bus and the Davey Truck reached the intersection of St. Ferdinand and Government Streets in the City of Baton Rouge at' approximately the same time, and as a collision seemed imminent if either vehicle continued upon its course, ■both vehicles came to a stop without a collision. The plaintiff alleges the sudden stoppage of the bus was due to the negligence of the drivers of both vehicles.
Before the trial of the case the plaintiff executed a restrictive release in favor of the Insurance Company, the Davey Tree Expert Co., and William E. Law, the driver of the Davey truck, reserving his rights against the Baton Rouge Bus Company, Inc. The suit was dismissed except as to the Baton Rouge Bus Co., trial was had, and judgment rendered in favor of defendant, rejecting plaintiff’s demands, without written reasons. From this judgment this appeal has been prosecuted.
The bus upon which plaintiff was riding as a passenger was headed east on Government Street, and as it approached the intersection of St. Ferdinand Street the Davey truck was approaching the same intersection, headed west. The evidence shows the Davey truck intended to execute a left turn to proceed south on St. Ferdinand Street, and that after beginning such a maneuver, came to a full stop, as did the bus, which had already proceeded into the intersection, intending to travel straight across it.
As a release has been executed as to all other defendants except the Baton Rouge Bus Company, Inc. we have to determine here only the question of whether the driver of the bus was negligent, and if so, was this negligence the proximate cause of plaintiff’s injuries.
The petition alleges negligence upon the part of the operator of the bus as follows:
1. Excessive rate of speed.
2. Failure to maintain proper look-out.
3. Defective brakes that grabbed instead of permitting a smooth stop.
4. The driver of the bus failed to swerve the bus to the side to avoid an impending collision, but violently applied the brakes instead of swerving.
*346 S. The bus failed to slow for the intersection.
The driver and an occupant of the'Davey truck, the bus operator, four bus passengers, including the plaintiff, and Major Eddie Bower, the Assistant Director of the Department of Public Works, who wa's in charge of traffic, all testified.
Major Bower gave evidence that St. Ferdinand Street at the intérsection with Government Street is 27 feet wide from curb to curb, and that Government Street is 35 feet, 2 inches wide from curb to curb at the intersection. He further stated the traffic signal light controlling traffic at this intersection is located approximately 7 feet south of the center line of Government Street and in the approximate center of St. Ferdinand Street, hung in plain view of all approaching traffic, and that this signal light is of the usual variety, having a red, yellow and green light.
William E. Law, the driver of the Davey truck, was presented by the plaintiff and testified .that he was traveling west on Government Street when he reached the intersection of St. Ferdinand Street and stopped for a red light behind a car immediately preceding him; that he saw. the bus approaching from the opposite direction at a normal rate of speed on the right hand side of Government Street. He further testified that the bus swerved toward the curb and slowed down as if to stop at the comer but did not do so, proceeding on to the intersection where it finally stopped. He stated he had a clear view of the bus, that there were no vehicles ahead of it, and that when he first noticed the bus it was approximately 20 to 30 feet from the intersection. This witness states he signaled for a left hand turn and started into this turn when the drivers of both vehicles braked to a full stop. The bus was at this time about 6 feet past the west line of St. Ferdinand Street and the truck had partially made its turn. Mr. Law further testified that he did not know whether the bus driver had seen him or not; that he could not tell whether any one was getting on or off the bus but that the bus did not stop at the- corner but proceeded without stopping to the place where the brakes were applied to avoid a collision.
Mr. Devillier, a passenger on the front seat of the Davey truck, stated he knew nothing whatsoever about what had happened; did not know if a hand- signal for a left hand turn had been given by Law or whether or not the truck had stopped before reaching the intersection. He admitted he did not see the bus approaching and that the only thing he remembered was the .truck stopping, and that when it stopped and he looked up he saw that the bus had stopped just ahead of the truck.
Arthur Thomas testified that he was a passenger on the bus and was seated in the back of it, and saw ■ the plaintiff thrown from his seat as a result of the sudden braking. He did not see the approaching truck and had not looked up to note what was happening until he felt the brakes applied. This witness stated the bus had not pulled over to the curb but had proceeded at a moderate rate of speed straight into the intersection. He testified further that just as the bus was stopping he saw the truck ahead of it making its turn before the bus had come to a full stop, and that as the truck continued to turn into the path of the bus it was suddenly stopped.
The plaintiff, Fred Green, testified he was seated in the very back of the bus and knew nothing about the accident or how fast the bus was traveling; that he did not know why the bus stopped and believed he was lighting a cigarette just before the brakes were applied. He never saw the truck and knew nothing about the details, or movements of either the bus or the truck.
The defendant introduced the testimony of two women passengers and the bus operator.
Mrs. Richard A. Sherlock, one of the passengers, stated she was seated on the right hand side in the second scat from the front and that the bus was proceeding smoothly and then came to a sudden stop ; that she looked up and saw the truck approaching and making a left hand turn in front of the bus. She further testified the ■bus was proceeding straight ahead and *347 came to a stop within about half - of its length. She was positive that the bus had been proceeding at a moderate rate of speed and had not stopped 'at the corner, nor had it made' any attempt to stop until a collision with the truck seemed imminent. She is equally positive the bus was proceeding along Government Street in -the right hand line of traffic.
Mrs. H. A. Kuhlman, Jr., another passenger, testified she was seated on the front seat of the bus, on its right hand side, and that her attention was first attracted by the sudden braking. She stated the bus had been traveling at a normal rate of speed and had not changed its direction or speed before the stop, and that it was proceeding a little to the right hand side of Government Street. She is also positive that the bus did not pull over to the curb near the intersection, and that no one was close to the driver of the bus just before it ■stopped, nor was he talking to any one.
The bus operator, Mr. Terrell, testified first, on cross examination, and later on direct examination, that he was traveling at •around 15 miles an hour. He stated that when he was about a half block from the intersection the traffic light was green and that ‘ he first saw the truck proceeding toward him on the opposite side of the intersection; that he saw no signal for a turn given by the truck driver and had no warning whatsoever the truck was going to make a left turn until it started to do so directly in front of the bus. He testified the truck and the bus were about the same distance from the traffic signal light as they approached the intersection from opposite directions, and that just as the bus was entering the intersection the truck swerved to the left in front of it, and that he brought the bus to a stop about half way into St. Ferdinand Street. He further stated he had not pulled over to the curb before entering the intersection as he had no passenger to discharge or pick up there; that he was looking forward down Government Street' at all times,- and was not talking to any one, making any change, or doing otherwise than operate the bus in a prudent manner.
F-rom the testimony of all of the witnesses there is no dispute that the bus made a sudden stop but that it was able to come to a complete stop within about half its length. Neither does there seem to be any disagreement that the truck also came to a stop after turning to its left across the path of the bus. The testimony of Law, the truck driver, Thomas, the bus passenger, and Terrell, the bus operator, clearly evidences the fact that the truck attempted to make a left hand turn just as the bus entered the intersection. The truck driver fixes the distance between the vehicles when he attempted to turn at about 20 or 30 feet, while Terrell, the bus driver, states that the sudden left hand turn of the truck was made just as he was entering the intersection.
The evidence discloses that the attempt by the truck driver to make a left hand turn constituted gross negligence under the circumstances which was the proximate and only cause of the necessity for the bus to stoj) so suddenly. There is no corroboration whatsoever to the truck driver’s statement that the bus driver was not observant or that he had pulled over to the curb as if to stop before entering the intersection, and there is no evidence whatsoever that the bus was proceeding at other than a safe and prudent rate of speed.
The bus evidently was proceeding prudently on its own side of the street and entered the intersection on a green, light, when the truck, about equidistant from the center of the intersection and approaching from the opposite direction, attempted to make a left hand turn immediately in front of the bus. This turn was negotiated at so short a distance in front of the approaching vehicle that it was necessary for both to come to a sudden stop in order to avoid a collision.
Our jurisprudence, while it holds a public carrier to the exercise óf the highest degree of care, does not make it an absolute insurer of the safety of its passengers. Consequently, while the burden of proof is upon the carrier to show itself free from fault, the carrier’s liability is based upon negligence, and if it appears *348 that there was no negligence whatsoever upon the part of- the carrier there is no liability.
In Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378, 382, the facts disclose the plaintiff' was a passenger on a bus which was involved in a head-on collision with a truck proceeding in the opposite direction from the bus. The truck had swerved out of its line of traffic to the left hand lane to pass a vehicle immediately ahead of it, and an emergency was presented. The Supreme Court found the driver of the bus was not guilty of any negligence, using the language following:
“It is well settled that the driver of a motor vehicle is not negligent in failing to anticipate that another car operator, who is lawfully and prudently driving, will suddenly disregard the traffic laws and become reckless when there is nothing in his conduct to indicate he will do so. * * *
“The bus driver had a right to assume that they would remain on their side of the road in obedience to the traffic law. It was impossible to discern that one of them would suddenly and without any warning whatsoever flagrantly violate the traffic law by recklessly dashing out in front of the bus. A carrier of passengers is liable for the slightest negligence which contributes to an accident that causes injury to a passenger but it is not an insurer of the passenger’s safety against negligent acts of third parties and their palpable disregard of the law. The highest degree of care doctrine is not synonombiis with a guarantee of the passenger’s safety against any possible injury. Until there is some indication, which would require a vigilant, competent, and experienced driver exercising the highest degree of care to observe the contemplated reckless and unlawful act of another, it is not negligence on his part to fail to do so. To hold otherwise would require the operator of a passenger vehicle to foresee every unexpected and sudden contingency.”
The doctrine expressed in the case cited above, applied to the facts of the present case, clearly show there was no negligence whatsoever upon the part of the operator of the bus. This being true there is no liability and consequently no necessity to review the lengthy evidence as to the extent of the injuries of the plaintiff.
For the reasons hereinabove set forth, the judgment of the lower Court is affirmed.