YARRUT, Judge.
This is a suit for workmen’s compensation. There is no question that Plaintiff was an unskilled worker in a hazardous employment, at a weekly wage of $53.60; and that he was injured on April 27, 1960, while feeding material to a roller on a band label machine when the roller fell across his right hand, resulting in an injury and disability which the medical testimony described as:
“A comminuted fracture of the proximal phalanx of the right hand and the fracture was of the open type. There apparently was some infection following the injury and a small sequestrum has extruded. There is evidence of a very small loss of bone tissue as shown by the rarefied area in the x-ray picture. We feel that this man should be able to resume his previous type of work but he does have some disability which may be related to the right hand as a whole. At present we would estimate this at about 10% loss of use of the hand but would feel that within a period of six months this should diminish to about 5'%.”
The extent of disability was estimated by the doctors as follows:
Dr. Battalora, Sr. (for Plaintiff):
“We feel that this man should be able to resume his previous type of work but he does have some disability which may be related to the right hand as a whole. At present we would estimate this at about 10% loss of use of the hand but would feel that within a period of six months this should diminish to about 5%.”
Dr. Mahorner (for Defendant) :
“At the present time, I would evaluate his disability as being 5% or less of the right hand, and I think any such settlement woud be fair for him.”
Plaintiff had been paid compensation totalling $140.60, when it was discontinued.
Plaintiff contends he should recover compensation for his 5% disability of his right hand for 150 weeks at $10.00 per week, under LSA-R.S. 23:1202 (as amended in 1956), which provides:
“The maximum compensation to be paid under this Chapter shall be thirty-five dollars per week and the minimum compensation shall be ten dollars per week; provided that if at the time of the injury the employee was receiving wages at the rate of ten dollars or less per week, then compensation shall be full wages;”
or 65% of his wages for 150 weeks for the loss of a hand under LSA-R.S. 23:1221, sub-sec. (e) of Sec. 4; plus medical expenses and attorney’s fees; and 12% penalty under LSA-R.S. 22:658, and cites as authority: Fontenot v. Myers, La.App., 109 So.2d 259; Evans v. Louisiana State Board of Education, La.App., 85 So.2d 669; Loflin v. Erectors & Riggers, La.App., 68 So.2d 694.
Defendant pleads that Plaintiff is not entitled to further payments because he is no longer disabled and, on information and belief, avers Plaintiff is gainfully employed in a similar, if not identical, occupation to what he was performing at the time of the accident; that prior to his voluntarily leaving the employ of Defendant, he had returned to work, namely, between the period of July 25 and October 10, 1960.
Alternatively, Defendant contends that if Plaintiff is entitled to further compensation, it is only under LSA-R.S. 23:1221,. sub-sec. 4(b), 4(o) and 4(p), for the loss-only of a first finger, commonly called the-index finger, at the rate of 65% of wages-during 30 weeks, under the authority ofr *669 Jones v. Hunter Co., La.App., 68 So.2d 240; Spillman v. L. O. Stocker Co., La.App., 42 So.2d 136.
The District Judge rendered judgment for 150 weeks at $10.00 per week, under LSA-R.S. 23:1221(4 e and o), beginning April 27, 1960, with interest at 5% per an-num on each past due installment from due date until paid, subject to a credit of $140.-60; and fixed the fee of Plaintiff’s attorney at 20%, payable out of Plaintiff’s compensation award, and not by Defendant; Defendant to pay all costs of court; with written reasons as follows:
“The issue involved in this case is whether the injury the plaintiff received and the resulting disability was to the finger or the entire hand.
“The testimony of the medical expert called by the defense, the medical report submitted by the plaintiff and from a close look at plaintiff’s right hand and index finger by the Court when he was in the witness chair, have convinced the Court that the injury and disability must be imputed to the entire hand.
“The plaintiff received a crushing type blow to his right hand across the back part, which injured the right index finger and the knuckle joint.
“The plaintiff is still unable to close his hand properly and the evidence of injury to the knuckle was apparent.
“Both medical doctors attribute a percentage disability to the entire hand resulting from his particular injury.”
Defendant alone has appealed. Plaintiff did not answer for an amendment of the judgment for penalties and attorney’s fee.
Since his injury Plaintiff has been doing unskilled labor work of a character similar to the work he was doing when injured. Hence, the question is limited to what section and subdivision of the specific injury provisions of LSA-R.S. 23:1221 he is entitled to recover, to-wit, Sec. 4(b), 65% of wages for 30 weeks for the loss of an index finger; or Sec. 4(e), '65% of wages for 150 weeks for loss of a hand as modified by Sec. 4(o), and LSA-R.S. 23:1202.
In differentiating between injury to the finger alone and injury to the hand, Dr. Battalora, Sr. in his report said that the disability “may be related to the right hand as a whole.” And Dr. Mahorner, when asked whether his final analysis did not show that the disability was to “the right hand as a whole,” answered, “That is correct.”
In view of the unanimous medical testimony that the disability is 5% of the hand, rather than a finger, Plaintiff is entitled to recover for the injury to his hand under LSA-R.S. 23:1221, Sec. 4(b) and (o), and LSA-R.S. 23:1202 (as amended in 1956) for 150 weeks, at $10.00 per week, as allowed by the District Court.
For the reasons assigned, the judgment of the District Court is affirmed; Defendant to pay costs in both Courts.
Affirmed.