HARDY, Judge.
This is an action ex delicto for damages resulting from personal injuries sustained by plaintiff while a paying passenger on a public bus carrier. Named as defendants were Hartford Accident and Indemnity Company as insurer for the bus line, J. A. Ellington, driver, W. D. Mabry, owner, and Aetna Casualty & Surety Company, insurer of the truck which was involved in the collision with the bus. From judgment in favor of plaintiff and against all defendants, in *594 solido, in the sum of $1,126.50, all defendants have appealed. Plaintiff has answered the appeal, praying for an increase in the amount of the award.
A companion suit by another passenger on the bus, Mrs. Frances Cross Biggs, joined by her husband, against these same ■defendants was consolidated with this suit for purposes of trial and appeal.
Plaintiff was a paying passenger on a bus of the Bossier-Shreveport Transportation Company, owned by one H. H. Holt and driven by Emmett Noles, and sustained injuries as the result of a collision between the right rear corner of the bus and the left front portion of the Mabry truck. The accident occurred on U. S. Highway 80 at a point east of the City Limits of Bossier 'City about mid-morning of July 28, 1958. Weather conditions were clear and dry; the highway straight and level for a considerable distance, and there was no interference with or impairment of visibility. At the time of the accident both vehicles were eastbound, the bus being in the lead, followed by the Mabry truck. Highway 80 at this point is a divided highway and the two ■eastbound lanes on the south of the neutral ground are each twelve feet in width.
The major issues presented by this .appeal are factual since we think there is little basis for dispute as to the applicable legal principles. The principal dispute as to questions of negligence and liability arise between the insurer for the bus line and the Mabry defendants. Each contends that the negligence of the other was the sole and proximate cause of the accident. The first factual question relates to the position of the vehicles in the eastbound lanes of the highway at the time of the collision. It is ■contended by the Mabry defendants that the accident resulted from the negligence of the ■operator of the bus who suddenly swerved from the northernmost of the eastbound lanes into the south lane in front of the following truck.
On this point the district judge, in á ■detailed written opinion, analyzed the testimony of the witnesses and reached the conclusion that the bus, at and for some distance before it reached the point where the collision occurred, was entirely in the south lane. We think the record amply sustains this conclusion. The only witnesses who placed the bus partially in the left-hand or north lane were W. H. Tynes, a State Trooper, and Leland March, who was in his stopped car at an intersection entering the highway some 200 feet from the point of the collision. The State Trooper based his conclusion, that the bus encroached some five or six inches into the north of the two eastbound lanes, upon mathematical computations which we think are highly speculative in nature. March testified that the bus turned across the highway in the attempt to get into the south lane and was straddling the center line when it was struck by the oncoming truck, whose driver had turned to the right in the effort to avoid collision.
As we have stated, the basis for the Trooper’s opinion is speculative. Some question as to the interest of the witness March is raised by the fact that, at the time of the trial in which he testified, he had become an employee of the defendant, Mabry. In any event, the testimony of these two witnesses cannot stand against the positive testimony of three passengers on the bus, including the injured parties, who are plaintiffs in these suits, the driver of the bus and another witness who was standing on the side of the road very near the point of the collision, waiting to catch the bus. All of these witnesses testified positively that the bus was completely in the south lane of travel near the edge of the pavement. The testimony of the driver and the passengers was that the bus had consistently remained in its right-hand lane since it entered Highway 80 some two miles distant from the point of the accident, except for the purpose of passing vehicles in the course of its movement. The testimony of McCall, who was waiting to catch the bus, was equally positive that the bus was entirely in the south lane and had been, according to his observation, for a distance of several hun *595 dred feet. There is no question as to the established fact that the bus was in the process of slowing down for the purpose of discharging a passenger. It is urged that the physical circumstance as to the point of impact, evidenced by the areas of damage to the vehicles, supports the argument that the bus was turning across the highway. We do not think such a conclusion necessarily follows, for we believe the point of impact would have been the same if, as was established by the testimony, the driver of the truck had made a last second effort to avoid the accident by turning sharply to the right. Unfortunately, the truck driver, who was in the best position to explain the cause of the collision, testified that he could remember nothing about the accident, and, indeed, did not remember seeing the bus ahead of him at any time on the highway. This witness was thrown from the truck by the force of the collision, rendered unconscious, and remained in such a state for a period of several hours. While the argument of counsel, unsupported by medical evidence that he was suffering from retrograde amnesia, may be lacking in merit, we think the cause of his inability to remember is unimportant.
We are convinced that the primary cause of the accident was the negligence of the driver of the truck. It is quite obvious that he was following the bus too closely, at a rate of speed which would not permit him to maintain control and bring his vehicle to a stop or move into the passing lane, which, according to all the testimony, was clear of traffic, and that he failed to keep a proper lookout which would have readily permitted him to observe the fact that the bus was slowing down for the purpose of stopping.
The second factual question to be determined relates to the question of negligence in the operation of the bus. The basis of liability of a public carrier to its passen-ers is too well established to longer require citation of authority. The well defined legal principle is that a carrier is liable for even the slightest act of negligence which causes injury to a passenger, and that it bears the burden of establishing its freedom from negligence. Concededly, this drastic rule of responsibility is limited only by the qualification that a carrier is not an absolute insurer of the safety of its passengers. We cite only a few of the almost innumerable authorities in which these principles have been iterated: Wallace v. Shreveport Railways Company (La.App.2d Circuit, 1937, writs denied), 175 So. 86; Brown v. Homer-Doyline Bus Lines (La.App.2d Circuit, 1945, writs denied), 23 So.2d 348; Green v. Baton Rouge Bus Company (La.App. 1st Circuit, 1953), 66 So.2d 344; Coleman v. Continental Southern Lines, Inc. (La.App.2d Circuit, 1958, writs denied), 107 So. 2d 69.
 The district judge found that the driver of the bus was guilty of negligence in failing to keep a proper lookout to the rear,, consequently to observe the following truck. This finding is conclusively established by the testimony of the bus driver himself who stated that he had not looked in his rear view mirror for a distance of approximately 450 feet before reaching the point where the collision occurred. We agree that this act of omission constituted negligence under the rule of the highest degree of care which is applicable to public carriers, even to the extent of the omission of any act of prudence, care or caution which might have resulted in avoiding the injury to a passenger. The opinion of this court in Coleman v. Continental Southern Lines, cited supra, elaborately discusses this principle and cites numerous authorities in support thereof.
In our opinion the record abundantly supports the factual findings of negligence on the part of the truck driver and of concurrent negligence on the part of the-bus driver, though of a slight degree. It. follows that the plaintiff was entitled to recover against all defendants.
The only remaining issue relates to the-quantum of the award, which, as shown by-the opinion of the district judge, represented $376.50 for medical expenses, etc., and $750.00 for pain and suffering. This. *596 point was also considered in detail as shown by the written opinion of the district judge, and we cannot find that his award is either inadequate or excessive.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.