TATE, Judge
(concurring).
As a permanent residual of his accident, the plaintiff’s thumb is somewhat sensitive and limited in motion, causing also a loss in the claimant’s grip. This permanent residual of the accident hampers and slows down the claimant in the performance of manual labor, although (as evaluated by the trial court) it docs not substantially handicap him in obtaining employment as a common laborer. Because the residual is indeed at least a partial disability to perform the duties of a common laborer, as compared with a non-disabling loss of function of the thumb or hand, the trial court correctly based the award upon disability rather than upon the loss of function of a specific member. See Blanchard v. Pittsburgh-Des Moines Steel Co., 223 La. 577, 66 So.2d 342, involving a similar award for somewhat similar injuries.
A closer question is presented whether the claimant should have been granted benefits for total instead of partial permanent disability. If the disability somewhat hampers the claimant in the performance of his duties but is not substantial enough to handicap his obtaining employment in the common labor market, then an award for partial instead of total disability may be appropriate. See Blanchard v. Pittsburgh-Des Moines Steel Co., cited above; Malone, Louisiana Workmen’s Compensation (1951), Section 278.
Ultimately, in the present case, this question depends upon whether the pain suffered by the claimant in the performance of his work is substantial enough to be disabling. See Supreme Court decision in Blanchard, approving at 66 So.2d 344 the intermediate court’s distinguishing, 59 So. 2d 384, 386, of Hughes v. Enloe, 214 La. 538, 38 So.2d 225 which allowed total disability. I am unable to find that the trial court was in manifest error in concluding that the pain was not that substantial, also taking into consideration that a minor metal thumb guard can prevent pain to the plaintiff in the performance of his duties as a laborer.
For the reasons stated, therefore, the writer concurs in the majority opinion affirming an award for partial instead of total permanent disability.