LEAR, Judge.
This appeal raises the question as to whether plaintiff is entitled to recover from defendants for a compensable injury under the provision of LSA-R.S. 23:1221 (3) or under LSA-R.S. 23:1221(4). The trial judge gave judgment under sub-section 3 of the Act, and appellant now pleads error asking that the judgment be amended to substitute the provisions of sub-section 4 therefor.
It is undisputed that the award in the amount of $10.00 per week, being the minimum under the Act, is in order.
Sub-section 3 provides for payment for partial disability relating to work “of any reasonable character” and providing that the term of compensation should not be beyond 300 weeks. Sub-section 4 provides a schedule for specific losses, including a maximum term of 150 weeks for the loss of a hand.
The evidence is undisputed that plaintiff was employed by Mid-State Prestressed Concrete Company, at a wage of $1.25 per hour, and while engaged in his employment duties was injured when a cable broke and fractured the thumb and the forefinger of his left hand.
For a period of 35 weeks after the accident, the defendant-insurer paid plaintiff compensation at the maximum rate of $35.00 per week. However, after that time, it was discovered that plaintiff had returned to gainful employment driving a cotton-picker, and defendant insurance company thereupon terminated compensation benefits.
Plaintiff then filed suit asking for maximum benefits under the total and permanent disability provision of the Act, together with penalties and attorney’s fee.
*697 It appears obvious from, the testimony that plaintiff is a relatively unskilled laborer who has done farm work and menial labor around industrial establishments all of his adult life. His testimony reflects that he suffers intermittent pain in his left hand, although he admits that he does not suffer enough pain to prevent him from driving a cotton-picker, the job he was employed upon at the time of the trial. He further testified that his hand was not getting any worse, but also stated that it was not improving.
The only medical testimony adduced was that of Dr. Paul M. Davis, Jr., of Alexandria, Louisiana, who qualifications were stipulated by counsel.
Dr. Davis testified that on the night of the accident he examined plaintiff in the emergency room of the St. Francis Cabrini Hospital and found that he had sustained a crushing injury between the index finger and the thumb, with deep lacerations of the first and second metacarpals, closed fracture of the proximal phalanx of the index finger. Under general anesthesia, the hand was debrided and fixed with pins, the wound was closed and a cast was placed upon plaintiff’s hand. At that time, the doctor noted a marked comminution of the first and second metacarpals. Plaintiff was hospitalized for some six days, but remained under the doctor’s observation and treatment for about seven months before he was discharged. At the time of the discharge, the doctor noticed a definite diminishment in the motion of the thumb and index finger, stating that the injury was related to those two fingers only. He testified that this type of injury would be painful to the plaintiff upon attempted use of the hand, and stated that such pain would remain for “a period of time”. He then added that in his opinion the pain would gradually subside and that plaintiff would experience pain upon returning to work, but the pain would diminish with the use of the hand. He concluded that in six months “or something like that” plaintiff would be completely recovered.
At the date of discharge, the doctor estimated that plaintiff had suffered a 25% “permanent” impairment of the left hand as a whole. On cross-examination the doctor stated that he felt plaintiff might get more motion in his thumb, but not in the index finger, and that plaintiff would have a 25% permanent impairment in his hand even though the pain would subside.
We must, therefore, disagree with the learned trial judge in his conclusion that plaintiff should recover under LSA-R.S. 23:1221(3) rather than sub-section (4) of the statute.[1]
The record is abundantly clear that plaintiff has suffered a permanent partial loss of the physical use or function of his hand.
The judgment of the trial court is therefore amended to grant unto plaintiff compensation at the rate of $10.00 per week for 150 weeks, subject to a credit for any amounts previously paid to plaintiff as compensation benefits, and as amended, judgment is affirmed.
Amended and affirmed.

. R.S. 23:1221
(3) For injury producing partial disability to do work of any reasonable character, sixty-five per centum of the difference between wages at the time of injury and wages which the injured employee is able to earn thereafter during the period of disability, not beyond three hundred weeks.
(4) In the following cases the compensation shall be as follows:
'(e) For the loss of a hand, sixty-five per centum of wages during one hundred fifty weeks.
(o) In all cases involving a permanent partial loss of the use or function of the members mentioned herein-above, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bear to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation payable for the loss of such member.