PRICE, Judge.
This is an action in which plaintiff seeks benefits under the Workmen’s Compensation Act as a result of an accidental injury to plaintiff’s hand while he was working for Baifield Industries, Inc. in Shreveport, Louisiana, on February 6, 1967. Employers Insurance of Wausau was made defendant as the workmen’s compensation insurance carrier of the employer. It is plaintiff’s contention that he suffered a total and permanent disability as the result of the injury to his right hand, and that he is entitled to a judgment of $35.00 per week for a period not to exceed 400 weeks, subject to any prior compensation paid. After trial on the merits, the district court awarded plaintiff compensation benefits of $10.00 per week for 150 weeks plus expert witness fees. The judgment was subject to a credit for all compensation previously paid to plaintiff since the injury.
From this judgment plaintiff has prosecuted this appeal, assigning as error the district court’s failure to award plaintiff total and permanent workmen’s compensation benefits.
The issues to be resolved are limited to questions of fact alone. Plaintiff was employed as a supervisor or “lead man” on an assembly line at the Baifield Industries plant. While assisting a worker, on the assembly line in freeing a jammed hydraulic press, plaintiff received a crushing injury to his right hand. The index finger of this hand received severe and multiple comminuted fractures of the first and second phalanges. In addition to the fracture of the finger the tendons and extensor surface were severely lacerated. The right middle finger received a slight laceration on its tip. Emergency treatment was administered by Dr. Jack B. Birdwell, the physician for Baifield Industries. Plaintiff was hospitalized for a period of three days and returned to his employment on February 13, 1967. He continued under the treatment of Dr. Birdwell, however, until June 14, 1967, on which date he was discharged from further treatment as having reached maximum recovery.
After returning to work on February 13, 1967, plaintiff remained in the employ of Baifield until May 12, 1967, at which time his employment was terminated because of his violation of a company rule prohibiting supervisory employees from participating in union activities.
Plaintiff contends the work which he performed at Baifield after his injury was of a lighter nature than that performed prior to the injury and that his employment was terminated because of his inability to perform the work rather than for union activity in violation of the company policy. The evidence in the record does not substantiate these claims. On his return he assumed the same duties as lead man and supervisor of the assembly line that he had performed prior to the injury. The evidence does reflect, however, that he made a request for a demotion to regular line work so that he could accept a position with the union. The evidence also shows this request was refused and that he was nominated and elected an official of the union local. Mr. Charles Culpepper, Director of Safety and Plant Security at the Baifield plant, testified that he discussed the union activity with Mr. Ezell and made the company’s position clear to him and that the termination of plaintiff’s employment was brought about solely by his flagrant disregard of the company rule.
There is no conflict in the medical testimony regarding the nature and extent of plaintiff’s disability resulting from this accident. Dr. Birdwell, who first treated plaintiff, testified that Ezell had a permanent, partial disability of 75% to the right *502 index finger alone and a permanent, partial disability of 10% to the entire right hand. He was very definitely of the opinion that plaintiff could perform the same work that he had performed prior to the accident. It was shown by the evidence that Dr. Birdwell was familiar with the nature and requirements of the work performed by plaintiff.
Dr. E. C. Simonton, who testified on behalf of plaintiff, had examined plaintiff on one occasion for the purpose of evaluation. His estimates of percentage of disability to the index finger and the hand did not vary greatly from those of Dr. Birdwell. The percent of permanent partial disability to the index finger was estimated at 85%. Dr. Simonton estimated the disability to the right hand at 25%. He was of the opinion that the type of injury sustained by Mr. Ezell could result in a total disability to do work requiring a high degree of manual dexterity. However, he qualified this opinion by saying that it would depend upon the type of work that the individual performed.
The evidence reflected that the duties of Mr. Ezell were supervisory in nature and did not require a great amount of manual dexterity. Since there is no conflict in the medical testimony in the record, we do not feel that it is proper to consider the lay testimony offered by plaintiff to sustain his position.
“It is the well-settled rule that, where there is no material conflict in the medical evidence, lay testimony will not be considered in a workmen’s compensation case as to an employee’s disability.” Guillory v. Southern Farm Bureau Casualty Insurance Co., 237 La. 374, 111 So.2d 314, 318 note 3 (1959).
We do not find manifest error in the conclusion reached by the trial judge, and, therefore, his findings of fact should not be disturbed by this Court.
For the foregoing reasons the judgment appealed from is hereby affirmed at appellant’s cost.