SAMUEL, Judge.
This suit for workmen’s compensation arises out of an industrial accident in which plaintiff sustained an injury to his left thumb resulting in amputation of the distal phalanx. The defendants are plaintiff’s employer and its liability insurer. Plaintiff was paid $1,750, full compensation under LSA-R.S. 23:1221(4) (a) and (k). He seeks compensation, subject to a credit for the amount paid, for an alleged permanent partial loss of the use or function of the left hand, plus penalties and attorney’s fees. After trial there was judgment in favor of the defendants, dismissing the suit at plaintiff’s costs. The costs include expert fees allowed his two medical witnesses.
Plaintiff has appealed. In this court he contends: (1) the disability he suffers is not to the thumb alone, but to the entire hand, and therefore he is entitled to compensation benefits on the basis of a permanent functional disability, loss of use of 25% of the hand, under LSA-R.S. 23:1221(4) (o), together with penalties and attorney’s fees, citing Blanchard v. Pittsburg-Des Moines Steel Co., 223 La. 577, 66 So.2d 342; Ezell v. Employers Insurance of Wausau, La.App., 212 So.2d 500; Anderson v. Employers Liability Assurance Corporation, La.App., 211 So.2d 696 and Ellis v. Bemis Brothers Bag Company, La.App., 146 So.2d 667; and (2) alternatively, even if the judgment appealed from is oth *709 erwise affirmed, he should not be required to pay court costs. As we have concluded the judgment must be affirmed, a discussion of penalties and attorney’s fees is unnecessary.
The facts are not in dispute. The accident occurred during the course and scope of plaintiff’s employment as a mechanic. He sustained a compound, comminuted fracture of the thumb of the left hand requiring amputation at the interphalangeal joint, i. e., the joint nearer the fingernail, and resulting in the loss of that portion of the thumb known as the first (as described in the statute hereinafter quoted) or distal phalanx. As a result of the injury and amputation plaintiff cannot use his thumb for some of its normal functions, such as pinch or adduction, pressure, prehension, etc. However, he returned to his work within three weeks after the accident, is doing satisfactorily the same work he did before the injury was incurred, and the medical evidence is that he can perform all of those work duties despite his disability.
The medical evidence consists of the report of Dr. E. A. Bertucci, the operating surgeon, which was offered by the defendants and received in evidence without objection, and the testimony of two plaintiff medical experts, Dr. Charles J. Wheeler, a general and industrial surgeon who treated plaintiff, and Dr. Raymond Kitziger, an orthopedic surgeon to whom plaintiff had been referred by Dr. Wheeler.
Dr. Bertucci’s report reflects that he felt plaintiff had sustained a permanent injury of 50% of the thumb and 20% of the hand. Based on their combined experience of many years, the pertinent part of the testimony of Drs. Wheeler and Kitziger was as follows:
The stump was well healed, well formed and non-tender, with good motion and strength. Because of the vital importance of the thumb in the hand function, in which its value is approximately the same as all of the other fingers (thumb 50%, all other four fingers 50%), and despite the fact that they admitted the loss of the distal phalanx medically could be limited to the anatomical or functional loss of the thumb alone, these doctors were of the opinion the loss of the phalanx medically should not be separated from disability to the hand. Both felt plaintiff had sustained a 25% loss of function of the hand.
Imprimis, we note the compensation statute in fact does take into account the greater functional value of the thumb as opposed to the other fingers[1] and the authorities cited by plaintiff are not apropos. In Anderson the injury involved more than the finger and thumb; two of the metacarpals were damaged resulting in loss of use or function of the hand beyond loss of a digit. Ellis is similar; there the knuckle joint was injured resulting in disability to the hand as a whole. In Blanchard there was a partial disability to do work of any reasonable character. And the issue before us, whether the award should relate to the hand or only to the finger, was not raised or considered in Ezell.
Applicable here are the following pertinent provisions of LSA-R.S. 23:1221:
“(4) In the following cases the compensation shall be as follows:
(a) For the loss of a thumb, sixty-five per centum of wages during fifty weeks.
‡ jjc :}c ‡ * sfc
(e) For the loss of a hand, sixty-five per centum of wages during one hundred fifty weeks.
i{< * ‡ *
(k) The loss of the first phalanx of the thumb or big toe, or two phalanges of any finger or toe, shall be considered to be equal to the loss of one-half of such member, and the compensation shall be one-half of the amount above specified.
*710 * * * * * *
(o) In all cases involving a permanent partial loss of the use or function of the members mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such members bears to the total loss of the member, provided that in no case shall compensation for' an injury to a member exceed the compensation payable for the loss of such member.”
The medical testimony establishes that plaintiff’s disability is no more than normally would be expected following loss of the distal phalanx of his thumb and is limited to that loss. Even though the amputation necessarily results in a percentage disability to the entire hand, as the loss falls squarely within the strict wording of the statute relative to the thumb, plaintiff cannot recover compensation beyond the maximum provided by LSA-R.S. 23:1221 (4) (a) and (k). See Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591; Spencer v. Kaiser Aluminum and Chemical Corp., La.App., 152 So. 2d 215.
Plaintiff’s second contention, that he should not be required to pay court costs, is without merit. We know of no difference between workmen’s compensation cases and other cases regarding imposition of costs. Under our prior law (Dart, Louisiana Code of Practice (2nd ed. 1942) Arts. 549, 552) the party cast, here the plaintiff, would be required to pay costs. Under our present Jaw (LSA-C.C. P. Art. 1920) the trial court “ * * * may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” Clearly, imposition of costs on the losing litigant in the instant case is not an abuse of the discretion enjoyed by the trial judge under the present article.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Compare LSA-R.S. 23:1221(4) (a), (b), (e) and (k).