PETERS, Judge ad hoc.
Defendants, Liberty Mutual Insurance Company and U. S. Plywood Champion Papers, Inc., appeal from a judgment awarding plaintiff, Emile Square, workmen’s compensation benefits for permanent and total disability, but denying penalties and attorney’s fees. Plaintiff answered the appeal seeking penalties and attorney’s fees and further urges that the trial court erred in allowing the wages earned by plaintiff to be applied to the compensation benefits paid by defendant. Defendants contend that plaintiff is not entitled to receive further benefits and, in the alternative, that plaintiff has suffered a partial permanent disability of the left leg and is entitled only to the benefits provided for under that particular schedule.
The facts are undisputed. Plaintiff was employed by U. S. Plywood Champion Papers, Inc. as a common laborer at its plant in Livingston Parish, Louisiana. Plain *337 tiff's duties consisted of the operation of a strapping machine and painting. A strapping machine is a device that places a strap around a bundle of plywood in order that the bundle can be easily handled during shipping. Plaintiff’s normal job was simply to press a button on the machine to activate the strapping of the bundle of plywood.
On November 6, 1970, plaintiff injured his left knee when he tripped across a chain which conveyed plywood to the strapping machine. He was seen the next day by Dr. Robert M. Starnes of Holden, Louisiana, who felt that plaintiff had suffered a sprain. Plaintiff continued to work at the plant until March 2, 1971, when he again was examined by Dr. Starnes. Dr. Starnes recommended that plaintiff be examined by Dr. Herbert K. Plauche, an orthopedist of Baton Rouge. Dr. Plauche was of the opinion that plaintiff had sustained a torn ligament of the left knee and, on March 11, 1971, he performed surgery on the knee to repair the torn ligament. Dr. Plauche continued to treat plaintiff for several weeks after the operation and then recommended that he return to work in August, 1971.
Defendant Liberty Mutual Insurance Company paid to plaintiff disability benefits at the rate of $49.00 per week from March 11, 1971 through June 23, 1971 and from August 31, 1971 through September 6, 1971. On February 21, 1972, Liberty Mutual began paying plaintiff the sum of $12.50 per week, which sum was being paid to plaintiff at the time of the trial. Liberty Mutual has further paid all medical expenses incurred by plaintiff. At all other times from the date of the accident through September 6, 1971, plaintiff was drawing full wages and was working at his employer’s plant. On September 21, 1971, plaintiff’s job with the defendant company was terminated for reasons unrelated to the injury.
The trial court ruled from the bench following the presentation of the evidence, awarding total and permanent disability to plaintiff because, in its opinion, plaintiff was seriously hampered from competing in the common labor market as a result of his injury.
 It is a well established principle that a common laborer is totally disabled if his injury is of such a character that it appears that he will be substantially handicapped in competing with other able bodied workers in the regular common labor market. It is also well established that an employee need not work in pain and total disability will be allowed if-the employee experiences substantial pain as a result of his injury. However, as in any other civil case, the claimant bears the burden of proving his claim by a preponderance of the evidence and to a legal certainty. Roman v. Broussard, 255 So.2d 135 (La.App. 3rd Cir.1971); Webre v. Service Painting Co. of Beaumont, 252 So.2d 675 (La.App. 1st Cir.1971); Fontenot v. Liberty Mutual Insurance Co., 230 So.2d 402 (La.App. 3rd Cir.1970). After a close reading of the record, we do not feel that the evidence substantiates an award of total and permanent disability, although plaintiff is entitled to receive benefits for the partial loss of function of the left leg.
The deposition of Dr. Plauche, taken on March 28, 1972, as well as numerous medical reports rendered by him on the plaintiff, were submitted into the record. Following the operation upon plaintiff’s knee, Dr. Plauche felt that plaintiff responded well to treatment. He released plaintiff for light duty on May 10, 1971. Plaintiff’s last visit to his office was on August 11, 1971. Dr. Plauche felt at that time that plaintiff could return to his former duties. However, he was of the opinion that plaintiff had suffered a 15% loss of the function of his left leg. Dr. Plauche examined plaintiff’s knee during the deposition and felt there was no change in plaintiff’s condition since August, 1971. When asked if he felt that plaintiff would have to work in pain, Dr. Plauche stated that it would *338 not be unreasonable for plaintiff to complain of a dull, aching pain at the end of a hard day’s work; but nothing in his examination revealed that plaintiff would experience serious, severe pain. He felt that plaintiff could perform all work activities that he had engaged in prior to the injury.
Dr. Starnes examined plaintiff’s knee at the time of the trial. It was his opinion that the knee did not appear swollen and looked as if it was normal. Dr. Starnes expressed no opinion on the question of plaintiff’s disability because, as he candidly admitted, he did not feel that he had sufficient evidence to warrant making an opinion. There was no other medical evidence introduced in the record that conflicted with the opinion of Dr. Plauche.
Plaintiff’s testimony, and the testimony of several of his co-workers at the plant, was to the effect that plaintiff would on occasion have to engage in stooping, squatting and climbing exercises in addition to his operation of the strapping machine. Plaintiff testified that from the date of the injury until he left the plant he was working with extreme difficulty on the job.
Medical testimony in a workman’s compensation case is of primary importance in determining claimant’s disability. If there is no conflict of the medical testimony, then the lay testimony should not be considered by the court. Guillory v. Southern Farm Bureau Casualty Insurance Co., 237 La. 374, 111 So.2d 314 (1959); Laroux v. Hunt Lumber Co., Inc., 209 So. 2d 768 (La.App.3rd Cir.1968); Thornton v. American Mutual Liability Insurance Company, 216 So.2d 910 (La.App. 1st Cir.1968); and Ezell v. Employers Insurance of Wausau, 212 So.2d 500 (La.App.2nd Cir.1968). It is obvious that the trial court relied upon the lay testimony of plaintiff and his co-workers as opposed to the medical testimony presented by Dr. Plauche in granting to plaintiff total and permanent disability. We feel that the trial court erred. The undisputed medical testimony is to the effect that plaintiff can perform work of a common laborer without severe or substantial pain, even though he has suffered a 15% permanent loss of the function of the left leg. We therefore hold that plaintiff is entitled only to benefits for 15% partial permanent disability of the left leg, or the sum of $12.50 per week for 175 weeks, with credit allowed for all previous compensation paid by defendant.
Counsel for plaintiff contends that the trial court erred in that part of the judgment which allegedly allowed defendant credit for wages earned to be applied to the weekly compensation benefits. However, a reading of the judgment signed on April 7, 1972, shows that the court granted plaintiff total disability for 500 weeks and allowed defendants credit for the compensation payments previously made, not credit for wages earned; all of which is proper under the provisions of LSA-R.S. 23 :1223.
Plaintiff’s assertion that he is entitled to penalties and attorney’s fees is without merit. All the medical evidence available to defendants at the time suit was filed showed that plaintiff was released to full duty. See Veillion v. Knapp & East, 158 So.2d 336 (La.App.3rd Cir.1963) and Charleston v. American Insurance Company, 136 So.2d 495 (La.App. 1st Cir.1961.)
For the reasons assigned, the judgment of the trial court is hereby amended to read as follows:
“It is ordered, adjudged and decreed that there be judgment herein and in favor of the plaintiff, Emile Square, and against the defendants, Liberty Mutual Insurance Company and U. S. Plywood-Champion Papers, Inc., in solido, for disability under the Louisiana Workmen’s Compensation Law at the rate of $12.50 per week for the period of disability not to exceed 175 weeks from November 6, 1970, with interest on all past due installments at the rate of 7% per annum from *339 due date until paid, subject to credit for all compensation previously paid.”
As so amended, the judgment of the lower court will be affirmed. Defendants-appellants are to pay all costs of this appeal.
Amended and affirmed.