GULOTTA, Judge.
While using an electric meat cutting ma-' chine the plaintiff grocery employee, on November 27, 1975, amputated the “distal interphalangeal joint” of the middle finger of the left hand.[1] Dr. David J. Vial, the treating physician, assessed a “five percent (5%) disability of the left hand.” Dr. R. C. Grunsten stated, in deposition, that plaintiff had sustained a forty-five percent (45%) disability of the finger or an eight to ten percent disability of the hand. Plaintiff returned to similar type work in a grocery on February 2, 1976.
The trial judge awarded workmen’s compensation benefits in the stipulated minimal weekly amount of $25.00 per week for 150 weeks, based on the scheduled loss of a hand.[2]
Defendants complain in this appeal that the trial judge erred in predicating the award upon the “degree of impairment” of the hand. According to defendants, if plaintiff had lost the entire finger she would only have been entitled to compensation for a twenty week period under R.S. 23:1221(4)(c).[3] Based on Dr. Grunsten’s testimony and the fact that the employee returned to the same or similar type of work a little more than two months after the accident, defendants argue that plaintiff’s loss is forty-five percent (45%) of $25.00 per week, for twenty weeks or a total of $225.00, subject to the credit of compensation benefits paid to plaintiff. See Babineaux v. Great American Insurance Company, 245 La. 718, 160 So.2d 591 (1964); Guardalabene v. Tenneco Oil Company, 246 So.2d 708 (La.App. 4th Cir., 1971).
*779 We do not find Babineaux and Guardala-bene distinguishable from our case, as claimed by plaintiff. In our case, as well as the cited cases, the medical testimony related to the percentage of disability both to a finger and to a hand.
In Ellis v. Bemis Bro. Bag Company, 146 So.2d 667 (La.App. 4th Cir., 1962), writs denied (1963), cited by plaintiff, this court concluded that the scheduled benefits for loss of a hand was applicable where the employee suffered an open type comminut-ed fracture of the proximal phalanx of the right hand. The medical evidence in the Ellis case was that the employee had suffered a 10% disability of the hand which would diminish, in time, to 5%. We distinguish Ellis from our case. In the instant case, unlike Ellis, the injury was equated not only to a disability to the hand, but also to a proportionate disability of the finger. (Dr. Grunsten’s testimony.)
Furthermore, the trial judge in Ellis observed that the injury was caused from a crushing type blow across the back part of the right hand injuring the right index finger and knuckle joint resulting in an inability to properly close the hand. Clearly, in Ellis, the finger injury was equated to the loss of function of the hand. This is not so in our case. It stands to reason that any partial loss of a finger will result in some percentage of the loss of the hand. This fact, however, does not defeat the application of the scheduled benefits for the loss of a finger where there exists no significant loss of function of the hand.
Accordingly, we conclude the trial judge erred in awarding benefits for 150 weeks based upon the loss of the hand. R.S. 23-1221(4)(c) is applicable and plaintiff is entitled to compensation for a twenty week period.
The judgment of the trial court is amended to award plaintiff $25.00 per week for twenty weeks subject to an undisputed credit of $250.00 paid to plaintiff. As amended the judgment is affirmed.

AMENDED AND AFFIRMED.

. An amputation of the first or outermost joint of the middle finger of the left hand.

. R.S. 23:l221(4)(e) reads as follows:
“For the loss of a hand, sixty-six and two-thirds percentum of wages during [150] weeks.”

.R.S. 23:1221(4)(c) reads as follows:
“For the loss of any other finger, or a big toe, sixty-six and two-thirds per centum of wages during twenty weeks.”