GUIDRY, Judge.
George Hayward, Jr. instituted this action for worker’s compensation against his former employer, Moore and Grant, Inc., and its worker’s compensation insurance company, Commercial Union Insurance Company, to recover benefits for a personal injury by accident arising out of and in the course of employment. He alleged that the injury produced a permanent total disability of the right hand. He also sought penalties and attorney’s fees.
After trial on the merits, the trial court rendered judgment in favor of defendants and against plaintiff, finding that plaintiff was only entitled to benefits for permanent partial impairment of the right index finger under LSA-R.S. 23:1221(4)(b) and that all benefits to which plaintiff was entitled had been paid. Plaintiff appeals devolutively.
The sole issue presented on this appeal is whether the trial judge erred in failing to find that the plaintiff is entitled to compensation for permanent partial impairment of the right hand under LSA-R.S. 23:1221(4)(e).
FACTS
Plaintiff was injured on June 12, 1981 when a tire mounted on a rim blew off and hit his right hand, lacerating his hand and fracturing his index finger. The laceration began at the web space between the thumb and index finger on the back of the hand. It was seven to eight centimeters in length and went down through the skin into the muscle, but did not involve any nerve or tendon injury. The fracture of the index finger was a spiral fracture of the middle phalanx. Mr. Hayward was treated by Dr. Jack T. Cappel, Jr., who sutured the laceration and put his hand in a splint, which was utilized for about six to eight weeks. Mr. Hayward received out-patient care until July 22, 1981 when he was discharged to *36 return to work on July 24,1981. By report dated August 5, 1981, Dr. Cappel informed Commercial Union of the discharge and opined that there would be no permanent disability.
Mr. Hayward was paid compensation at the rate of $107.21 per week, representing two-thirds of his average weekly wage for seven weeks, for a total of $750.47.
Shortly prior to trial, on October 13,1982, Mr. Hayward was referred to Dr. Cedric Lowrey, an orthopaedic surgeon, for evaluation. Dr. Lowrey felt that Mr. Hayward had a 15 to 20% impairment of the index finger as a result of the accident. Dr. Lowrey found, on examination, evidence of arthritis in both thumbs and indicated that the arthritis would cause a 10% impairment of the right thumb but was unsure as to what portion of this, if any, may have been caused by the accident. Dr. Lowrey further felt that the 10% impairment of the thumb and the 15 to 20% impairment of the index finger would amount to a 5% impairment of the hand as a whole.
Shortly after Dr. Lowrey’s deposition, the defendants filed an amended answer and made an additional unconditional tender of $719.53, representing the balance that would be owed for a permanent partial impairment of the index finger.
The trial judge made the factual finding that, as Dr. Lowrey was unable to say with any degree of certainty that the arthritis in the right thumb was a result of the accident, plaintiff failed to relate the disability resulting from the accidental injury to his index finger to the hand as a whole in any manner other than that the finger forms a component part of the hand. Therefore, plaintiffs recovery of compensation benefits was restricted to the scheduled compensation for loss of use of a finger. In so concluding, the trial judge relied on Nash v. Knoblock, 381 So.2d 404 (La.1980).
Plaintiff relies on Stracener v. United States Fidelity and Guaranty Company, 410 So.2d 1220 (La.App. 3rd Cir.1982), affirmed 420 So.2d 1101 (La.1982) and Ellis v. Bemis Brothers Bag Company, 146 So.2d 667 (La.App. 4th Cir.1962), which pronounce the corollary to the rule of Nash v. Knoblock, supra; that is, if the evidence shows that the injury can be related to the whole hand rather than restricted to a finger, compensation is awarded for the disability of the hand. In both of these cases, the court of appeal, finding no manifest error, affirmed the finding of the trial judge that the plaintiff’s injuries and resulting disability were related to the hand as a whole rather than just a finger.
After a careful review of the record, we find no manifest error in the trial judge’s finding that the evidence in this case failed to relate plaintiff’s accidental injury and resulting disability to the hand as a whole. Therefore, the holdings in Stracener and Ellis, supra, are inapposite.
For the above and foregoing reasons, the judgment of the trial court is affirmed. This appeal is to be at the cost of the plaintiff-appellant.
AFFIRMED.